THOMAS WOOD v. THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

| *Error not presumed—Railway injury to passenger—Negligence.*

Where a bill of exceptions does not purport to give the evidence in full or its substance, it is presumed on error that there was evidence to justify the rulings.

A railway passenger, after the name of the station was called, went to the platform while the train was slacking up, and asked the conductor if it would stop there for water. The conductor said it would. The passenger then got upon the lower step of the platform, and when the train stopped at the usual landing place tried to step off. But immediately and without any notice or signal the train started with a jerk and drew up at the water tank, a few feet farther on, throwing the passenger to the ground and severely injuring him. *Held* that he had a right of action against the railway company.

A passenger's negligence in going to the platform of a car while it is still moving does not affect his right to recover for an injury suffered in properly alighting after the train has stopped.

Error to the Superior Court of Detroit. Submitted Oct. 4. Decided Oct. 31.

CASE. Defendant brings error. Affirmed.

*Alexis C. Angell* and *Ashley Pond* for appellant. The calling of the name of the station is in itself no invitation to alight, but is an announcement that the train is approaching the station named, and that passengers may get out when the train stops: *Bridges v. Railway Co.* L. R. 6 Q. B. 377: L. R. 7 H. L.213; *Weller v. Railway Co.* L. R. 9 C. P. 126; *Cockle v. Railway Co.* L. R. 5 C. P. 468; and where notice was given at night that a train was at the station and a passenger went upon the platform after the cars had come to a full stop, and by a sudden starting of the train was injured, she was allowed to recover: *Central R. R. Co. v. Van Horn* 38 N. J. L. 133; and where, after the station had been called, and the cars had come *to a full stop*, a passenger who went upon

the platform and was injured, was justified in attempting to alight: *Taber v. D. L. & W. R. R. Co.* 71 N. Y. 489; but in the absence of any reason for alarm or excitement, it is negligence for a passenger to stand upon the platform of a moving car, and no recovery was allowed where a passenger was injured in riding on the lower step of a street car: *Huelsenkamp v. Railway Co.* 34 Mo. 45; or in a baggage car: *Railroad Co. v. Lane* 83 Ill. 448; *Higgins v. R. R. Co.* 36 Mo. 418; *Ky. R. R. Co. v. Thomas* — Bush —: 1 Am. & Eng. R. R. Cas. 79; *Penn. R. R. Co. v. Langdon* id. 87:— Penn. St. —; or on the pilot: *R. R. Co. v. Jones* 95 U. S. 429; or the tender: *Doggett v. R. R. Co.* 34 Ia. 284; if a passenger stands on the platform when there is room inside, and by some jar or jerk of the train is thrown off, he cannot recover; his conduct is negligent: *Quinn v. R. R. Co.* 51 Ill. 495; *C. & N. W. R. R. Co. v. Carroll* 5 Ill. App. 201; *R. R. Co. v. Colwell* 3 Ill. App. 545; the attempt to leave a car while moving, by passing to the outside or stepping off, is *prima facie* evidence of carelessness: *Gavett v. Manchester R. R. Co.* 16 Gray 501; one must take the consequences if he places himself where the ordinary movement of the train exposes him to danger: *Willis v. L. I. R. R.* 32 Barb. 399; those who have the management of a train, are not bound to assume that the passengers will attempt to alight from a car until it has actually stopped: *Secor v. T. P. & W. R. R. Co.* 10 Fed. Rep. 15.

*Emery T. Wood* for appellee. The implied contract of a railway company to carry a passenger safely includes the duty of giving him a reasonable opportunity to alight in safety: *Fairmount & Arch St. Passenger Railway Co. v. Stutler* 54 Penn. St. 376; *Jeffersonville R. R. Co. v. Hendricks* 26 Ind. 228; *Michigan Central R. R. Co. v. Coleman* 28 Mich. 455; the calling out of the station and the stopping of the train at the station is an invitation to the passengers to alight; for the passengers have then a right to expect that they can alight without danger: *Bridges v. North London Ry. Co.* L. R. 6 Q. B. 382; *Cockle v. Lon-*

*don & South Eastern Ry. Co.* L. R. 5 C. P. 468; when passengers are getting on and off a train, it is an act of negligence to put it in motion suddenly and without giving any signal so as to endanger their safety: *Keating v. N. Y. C. & Hudson River R. R. Co.* 49 N. Y. 673; *Penn. R. R. Co. v. Kilgore* 32 Penn. St. 292.

MARSTON, J. The defendant requested the court to charge the jury that the plaintiff was not entitled to recover and their verdict must therefore be for the defendant. The court refused to so charge and this is alleged as error.

The bill of exceptions does not purport to give all the evidence or even the substance thereof; the presumption therefore would be that the evidence justified the rulings. There is however sufficient evidence set forth in the record to show that the defendant was not entitled to have the request made given.

The plaintiff was a passenger upon a train of the defend-ant, and as it approached a small station the name thereof was called in the usual manner. The plaintiff thereupon, as the train slacked up, went on to the forward platform of the car in which he had been riding, and inquired of the conductor if the train would stop at that place for water and was informed that it would; the plaintiff then stepped down on to the lower step, while the cars were still in motion, and when they came to a full stop attempted to step down therefrom on to the platform, and while in the act of so doing the cars " started up with a jerk and threw me down." " This was at the usual and customary place for passengers to get off." The train then drew up a few feet to the water-tank and again stopped. No notice or signal was given that the cars were about to move up to the tank.

It is claimed that it was negligence on the part of the plaintiff in going on to and standing upon the car platform and steps while the car was in motion. This may be true and might have prevented a recovery had the plaintiff been injured while standing there before the train stopped. Such however was not the fact, and his standing there neither caused nor contributed to the injury, other than by enabling

the plaintiff to step off the train immediately upon its coming to a stop. Upon the stopping of the train he had then a right to get off, whatever his position up to that time may have been, and the danger of his position up to then cannot be charged against him, if he then, in the usual and customary manner and place, attempted to get off. It might be argued that it was his duty to remain seated in the car until the train actually should stop, and that had he done so this injury could not have happened. In another case the argument might be carried still farther and it be said that a passenger on a seat near the door of the car, if injured in attempting to get off, could not recover, because he might, if seated nearer the middle of the car, have avoided the danger. In my opinion all such matters must be considered as too remotely connected with the injury to affect the plaintiff's right of recovery. If while the plaintiff is in an improper position, he receives an injury, this may prevent a recovery, but that fact will not, if he afterwards and while exercising his rights at a proper time and place, receives an injury. In the former case the plaintiff's own act may have directly contributed to the injury, whereas the exercise of a lawful right, whatever the previous position may have been, cannot be said to have caused or contributed to the injury. Had the plaintiff been in an improper position when the cars stopped and because thereof attempted or been obliged to resort to unusual methods to alight and been injured while so doing, the case would be different, as the second wrong act would contribute directly to the injury; but such is not this case.

The judgment should be affirmed with costs.

The other Justices concurred.