[Civil No. 682.    Filed March 15, 1899.]

[57 Pac. 64.]

SILVIS H. CHEDA, Plaintiff and Appellant, v. EDWARD M. SKINNER et al., Defendants and Appellees.

1. PLEADING—ANSWER—PAYMENT—NECESSITY FOR PLEADING ITEMS—REV. STATS. ARIZ. 1887, PAR. 742, CONSTRUED.—Paragraph 742, *supra,* providing that where defendant desires to prove any payment, he shall file with his plea an account, stating the nature of such payment and the several items thereof, or be precluded from proving the same, does not apply to a plea to an action on a note "that the defendant fully paid said plaintiff the amount due on said note."

2. STATUTES—ADOPTION—WITH CONSTRUCTION OF THE COURTS OF THAT STATE. — Where a statute has been adopted from the code of

another state, by implication, it was adopted with the construction which has been theretofore placed upon it by the supreme court of that state.

3. APPEAL AND ERROR—RECORD—EVIDENCE—PRESUMPTIONS—GLENCROSS v. EVANS, 4 ARIZ. 222, AND SCOTT v. HURLEY, ANTE, P. 85, CITED.—Where the evidence is not preserved in the record, an appellate court will presume that a state of facts was proved in the trial court authorizing the rulings and judgment. *Glencross* v. *Evans*, and *Scott* v. *Hurley*, *supra*, cited.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge. Affirmed.

The facts are stated in the opinion.

H. M. Willis, for Appellant.

The plea of defendant does not allege the payment plainly and particularly so as to give plaintiff full notice of the character thereof, nor has there been filed an account showing the character or items thereof. Therefore, it appears that the court clearly erred in permitting the evidence of payment to be introduced over plaintiff's objection. Rev. Stats. 1887, par. 742; *Hann* v. *Broussard*, 3 Tex. Civ. App. 481, 23 S. W. 88.

C. F. Ainsworth, for Appellees.

The ruling of the court in regard to the admission of evidence of payment is sustained by the supreme court of Texas in the case of *Able* v. *Lee*, 6 Tex. 428.

The record in this case does not purport to contain all the evidence, but, on the contrary, there is no evidence in the record. In such cases the law is that the appellate court will presume that a state of facts was proved in the trial court authorizing the rulings and judgment, and where the record on appeal contains no statement of the evidence, it will be presumed, in order to sustain the judgment, that every fact was proven which could have been legally proved under the pleadings. *Scott* v. *Hurley*, *ante*, p. 85, 53, Pac. 578; *Evans* v. *Glencross*, 4 Ariz. 222, 36 Pac. 212; *Schultz* v. *McLean*, 109 Cal. 437, 42 Pac. 557; *Tatum* v. *Massie*, 29 Or. 140, 44 Pac. 494; *Antisdel* v. *R. W. Co.*, 26 Wis. 145, 7 Am. Rep. 44; *Wood* v. *R. R. Co.*, 49 Mich. 370, 13 N. W. 779; *Railway Co.* v. *Williamson*, 58 Kan. 814, 49 Pac. 157.

Where there is no bill of exceptions and no transcript of the evidence, it will be presumed that there were no objections to the evidence below, and the appellate court will refuse to consider questions arising thereon. *White* v. *White,* 86 Cal. 219, 24 Pac. 996; *People* v. *Olsen,* 80 Cal. 122, 22 Pac. 125.

PER CURIAM.—The appellant sued the appellee upon a promissory note. There was a plea of payment, the allegation being "that long prior to the commencement of this action the defendant fully paid said plaintiff the amount due on said note." The cause was tried before the court without a jury, and the appeal is from a judgment rendered in the defendant's favor.

Two specifications of error are presented: 1. That the court erred in overruling the plaintiff's objection to the introduction of evidence in support of the defendant's plea of payment; and 2. That the judgment is contrary to the evidence. To sustain his first proposition, the appellant relies upon the requirements of paragraph 742 of the Revised Statutes, and insists that the fact of payment was not so pleaded as to lay the foundation for the introduction of any evidence under the plea. The paragraph referred to provides that "in every action in which the defendant shall desire to prove any payment, counterclaim or set-off, he shall file with his plea an account stating distinctly the nature of such payment, counterclaim, or set-off, and the several items thereof; and on failure to do so, he shall not be entitled to prove the same, unless it be so plainly and particularly described in the plea as to give the plaintiff full notice of the character thereof." This provision came to us from the Texas code, and, by implication, we adopted it with the construction which had been theretofore placed upon it by the supreme court of that state. In the case of *Wells* v. *Fairbank,* 5 Tex. 582, where there was a plea of payment, alleging in general terms that the debt had been "paid off and discharged," the statute was held applicable only where it was proposed to prove "items" of payment. In *Able* v. *Lee,* 6 Tex. 428, there was a general allegation of payment "since the institution of this suit." In discussing the question the court said: "The plaintiff excepted to the plea of payment, but his exception was overruled, and rightly. To constitute a valid plea of payment, it was not necessary that

there should have been filed with the plea a bill of particulars showing items of payment. Proof of the payment of the debt in money (presumably at one time and in one amount) would have been admissible under the plea, and would certainly have constituted a valid defense. But when evidence was offered of payment in lands, if the plaintiff had objected to its introduction his objection must have been sustained, and the evidence excluded.'' In the case at bar there is no bill of exceptions, and no transcript of the testimony. As the evidence is not preserved in the record, we cannot know the nature of the proof given in support of the defendant's plea of payment. Under these circumstances, an appellate court will presume that a state of facts was proved in the trial court authorizing the rulings and judgment. 2 Ency. of Plead. & Prac. 441; *Evans* v. *Glencross,* 4 Ariz. 222, 36 Pac. 212; *Scott* v. *Hurley, ante,* p. 85, 53 Pac. 578; *Schultz* v. *McLean,* 109 Cal. 437, 42 Pac. 557; *Tatum* v. *Massie,* 29 Or. 140, 44 Pac. 494; *Railway Co.* v. *Williamson,* 58 Kan. 814, 49 Pac. 157; *Wood* v. *Railway Co.,* 49 Mich. 370, 13 N. W. 779. The appellant's second specification of error is disposed of by these same authorities, and the judgment of the district court is affirmed.