[Civil No. 1480.   Filed November 17, 1915.]

[152 Pac. 856.]

## O. GIBSON, Appellant, v. JAMES F. DUNCAN, Appellee.

1. WATERS AND WATERCOURSES — SURFACE WATERS. — The owner of lower premises is not bound to permit the flow of surface and flood waters over it, but may, by improvements, embankments, etc., prevent the flow from the upper premises.

   [As to diminishing or impeding surface water flowing upon one's land, see note in 85 **Am. St. Rep.** 715.]

2. WATERS AND WATERCOURSES—SURFACE WATERS—INJUNCTION.—In an action to enjoin defendant, a lower adjoining owner, from constructing embankments which stopped and pooled the surface water on the plaintiff's higher premises, where it was found that the "plaintiff has permitted manure and other filth to accumulate on his premises and to fall on to defendant's lot and walk, and to be washed by the rains on to the walk and premises, plaintiff, not being himself free from fault, was not entitled to enjoin defendant.

3. APPEAL AND ERROR — FINDINGS — CONCLUSIVENESS. — Where the evidence taken at the trial was not made a part of the record, the findings of fact must be treated by the supreme court as true, and as fully supported by the evidence.

APPEAL from a judgment of the Superior Court of the County of Cochise.   A. C. Lockwood, Judge.   Affirmed.

Mr. O. Gibson, *in pro. per.*

Mr. Lee O. Woolery, for Appellee.

ROSS, C. J.—The appellant was the plaintiff below and the appellee was the defendant.   We will speak of them hereafter as plaintiff and defendant.   They own and occupy for residential purposes lots in the same block in the city of Tombstone.   The natural slope of the ground is such that the surface waters run from plaintiff's premises on to and over the premises of defendant.   On the lowest part of his land, and adjoining the land of defendant, plaintiff has a stable and horse lot, over which surface and flood waters were accustomed to run, and, if not interfered with, these waters naturally passed on to and across the premises of defendant.   The lat-

ter, shortly before the institution of this action by the plaintiff, for the purpose of preventing the deposition of the manure from the stable and lot of plaintiff upon his land and premises, constructed thereon an embankment or barrier that arrested and pooled the water, and as plaintiff alleges, by reason thereof:

"Manure and other unhealthful substances will accumulate in the pool of water, so impounded, as aforesaid, and cast upon plaintiff's premises in such quantities as to be unsanitary and unhealthful, and as will subject plaintiff to arrest under the ordinances of the city of Tombstone."

The plaintiff prayed that the defendant be restrained from so maintaining the said embankment as to impound and cast waters on his premises. The answer consisted of a general denial and an admission that the defendant had constructed an embankment, as alleged. It seems from the answer, as also the complaint, that the overflow from the plaintiff's premises was upon and over the walk or path used by the defendant as a means of ingress and egress to and from the defendant's home to the street. Defendant alleges that, ever since plaintiff's barn and corral had been constructed, "plaintiff has permitted manure and other filth to accumulate in said corral and to fall on said walk and to be kicked thereon by plaintiff's horses, and to be washed by the rains on to said walk and property of defendant, . . . " and "that in the exercise of his just rights and to keep said walk in a passable condition, and to keep said manure and filth off his premises, he placed boards upon his premises" for protection.

The case was tried to the court. Several findings were made, but the two to which the plaintiff objects are:

"(5) That since plaintiff erected said barn and built said corral and kept a horse or horses therein, plaintiff has permitted manure and other filth to accumulate in said corral and to fall on to said lot 18 of defendant and on to his said walk, and to be washed by the rains on to said walk and property of the defendant.

"(6) That defendant, to keep said walk in a passable condition, and to keep said manure and filth from falling on to his said walk and premises, and from being washed thereon by the rain-waters and waters from melting snows, placed boards on edge upon his own premises, just westerly of said

corral of plaintiff, which said boards hold back the surface waters upon plaintiff's premises, but only such surface waters as have become polluted with manure and other filthy substances from plaintiff's said corral.''

He says these findings do not support the judgment, and are evasive and without the issue.

The plaintiff assigns as error the failure of the court to enter judgment for him, as prayed for, upon the findings as made by the court and admissions in the pleadings. This necessarily involves the assumption that the complaint states a good cause of action, and that the answer sets forth no legal grounds of defense. The complaint seems to be drawn upon the idea that, inasmuch as the defendant's premises were lower than the plaintiff's, a duty was imposed by law upon the lower premises to permit the flow of surface and flood waters over the same. In other words, the plaintiff would adopt the civil law which recognized the dominant and servient estates with reference to surface waters. We do not think that to be the law of this state. On the contrary, in *City of Tucson* v. *Dunseath,* 15 Ariz. 355, 139 Pac. 177, we quoted, with approval, from *Walker* v. *New Mex. & S. P. R. Co.,* 165 U. S. 593, 41 L. Ed. 837, 17 Sup. Ct. Rep. 421, the following language:

''One is under no obligation to receive from the other the flow of any surface water, but may, in the ordinary prosecution of his business and in the improvement of his premises, by embankments or otherwise, prevent any portion of the surface water coming from such upper premises.''

Plaintiff in his argument seems to concede the above proposition, but seeks to distinguish and modify it in this case, because he says the obstruction placed by defendant upon his premises impounds the water upon the manure and other unsanitary matter on his ground, and thereby makes it unhealthful. In other words, if the effect of defendant's act in building an embankment were to impound only the clear pure surface water, the defendant would be conceded as acting within his rights, but since, by act of plaintiff, the surface waters will become filthy and unwholesome, he would have the lower premises of the defendant burdened with the duty of permitting them to flow freely over the latter's premises. The evidence taken in the case is not made a part of the record; the

plaintiff choosing to rely upon the findings as made by the court. The two findings above quoted, of course, must be treated as true and fully supported by the evidence. The fact, therefore, is that the ''plaintiff has permitted manure and other filth to accumulate in said corral and to fall on to said lot 18 of defendant and on to his said walk, and to be washed by the rains on to said walk and property of the defendant.''

Before the plaintiff would be entitled to the extraordinary relief asked for, he should clearly show from his complaint that he himself is free from fault; that his own hands are clean.

Judgment is affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.

On the correlative rights as to the obstruction of the natural flow of surface water, see note in 21 L. R. A. 598.

As to right of owner of lower tenement as against the rights of the upper land owner to obstruct surface water in a natural drainage channel, see note in 22 L. R. A. (N. S.) 789.