[Civil No. 2213.   Filed July 14, 1925.]

[238 Pac. 332.]

# CONSOLIDATED NATIONAL BANK OF TUCSON, a Corporation, Appellant, v̇. C. J. CUNNINGHAM, Appellee.

1. TRIAL—CASE FOR JURY, IF ANY CONFLICT IN EVIDENCE ON MATERIAL ISSUE.—Where there is no conflict in evidence, and verdict inconsistent therewith could not stand, court should direct verdict on motion, but, if there is any conflict on any material issue, case must be submitted to jury.

2. NEW TRIAL—COURT CANNOT DISTURB VERDICT ON CONFLICTING EVIDENCE.—Court cannot disturb verdict on conflicting evidence, merely because it does not conform with court's views of ultimate facts.

3. EVIDENCE—PRESUMPTION OF FAIR AND HONEST DEALINGS UNTIL CONTRARY IS PROVEN.—It will be presumed that men deal fairly and honestly with each other until contrary is proven.

4. REPLEVIN—WHETHER ALL OF DEBTOR'S ASSETS WERE TURNED OVER TO CREDITOR ON ORAL AGREEMENT TO APPLY PROCEEDS TO PAYMENT OF DEBT HELD FOR JURY.—Whether all remaining assets of debtor corporation were turned over to creditor on oral agreement that latter should dispose of them and apply proceeds to payment of debt *held* for jury, in replevin by creditor against purchaser of automobile from debtor.

5. TRIAL—SUFFICIENCY OF EVIDENCE FOR JURY CONCEDED BY FAILURE TO REQUEST DIRECTED VERDICT.—Party not requesting directed verdict concedes sufficiency of evidence to go to jury.

6. APPEAL AND ERROR—JURY'S DETERMINATION OF MATERIAL ISSUE ON CONFLICTING EVIDENCE NOT DISTURBED.—Jury's determination of material issue on conflicting evidence will not be disturbed on appeal.

7. TRIAL—INSTRUCTION ON MEASURE OF DAMAGES HELD SUFFICIENT, IN ABSENCE OF REQUEST FOR MORE COMPLETE STATEMENT.—Instruction on measure of damages for loss of use of automobile seized under writ of replevin *held* sufficient, in absence of request for more complete statement of law.

8. REPLEVIN—OWNER ENTITLED TO SUBSTANTIAL DAMAGES FOR LOSS OF USE OF AUTOMOBILE FOR PLEASURE PURPOSES. — Automobile owner, expecting to use car for pleasure only, is entitled to substantial, not mere nominal, damages for deprivation of such use

---

1.   See 26 R. C. L. 1067.
3.   See 10 R. C. L. 875.

by seizure under writ of replevin, though he suffered no pecuniary loss; fair and reasonable compensation for loss sustained under circumstances being measure of damages.

9. Replevin—Nine Hundred Dollars Held not Excessive for Loss of Use of Automobile Seized Under Writ.—Nine hundred dollars for loss of use of automobile, seized under writ of replevin, for 2½ years, *held* not excessive, though jury fixed value of car at time of trial at only $300, where there was evidence that it was worth from $1,000 to $1,200 when taken.

10. Principal and Agent—Authority to Act Presumed to Continue Until Contrary is Shown.—It will be presumed that authority to turn over assets of debtor corporation to creditor continued until contrary is shown.

11. Trial—Instruction Fully Covered by Instruction Given Properly Refused.—Instruction as to matter, concerning which jury was fully instructed in other parts of court's charge, is properly refused.

---

See (1) 38 **Cyc.**, pp. 1568, 1571. (2) 29 **Cyc.**, p. 827. (3) 22 **C. J.**, p. 146. (4) 34 **Cyc.**, p. 1519. (5) 38 **Cyc.**, p. 1541. (6) 4 **C. J.**, p. 858. (7) 38 **Cyc.**, pp. 1693, 1711. (8) 34 **Cyc.**, p. 1560. (9) 34 **Cyc.**, p. 1560. (10) 2 **C. J.**, p. 525. (11) 38 **Cyc.**, p. 1711.

APPEAL from a judgment of the Superior Court of the County of Pima. Alfred C. Lockwood, Judge. Affirmed.

## Statement of Facts.

This is an action in replevin instituted by the appellant to recover possession of one certain 1914 model Cadillac touring car from the appellee. The appellant claims that it is the owner of said car and entitled to possession thereof, by virtue of the fact that, in January or February of 1919, Byrnes-Ray Cadillac Company, a corporation, of Tucson, being indebted to appellant in excess of $15,000, and being unable to continue in business, orally agreed to turn over to the appellant all of its property to be sold by appellant, and the proceeds thereof applied upon the indebtedness of the Byrnes-Ray Company to appellant. Ap-

---

11. See 14 **R. C. L.** 752.

pellee claims to be the owner of the car by virtue of the fact that he, in July, 1919, purchased said automobile from one John MacKay, who represented himself to be the agent of the Byrnes-Ray Cadillac Company; that he first saw this car in a garage on Alameda Street, July 20, 1919, such garage being run by one Nick Kirsh; that said car was in a dilapidated condition, there being no rubber on the car, no top, and that it looked about as bad outside of the body as it could look; that he paid the sum of $100 for said car, and had no knowledge of any claim of interest of the bank therein. The appellee has also filed a cross-complaint, asking for the possession of the car, and for damages for its detention.

The cause was tried to a jury and verdict rendered for the defendant, fixing the value of the car at $300, and assessing damages for loss of its use during the period of time it was held by plaintiff at $900. The plaintiff appeals from said judgment, and from the order denying the motion for new trial, and presents for consideration eight assignments of error.

Mr. Francis M. Hartman, for Appellant.

Mr. John B. Wright and Mr. Frank M. McCarthy, for Appellee.

PHELPS, Superior Judge (After Stating the Facts as Above).—There seems, however, to be only two questions involved in this case, the first of which is whether or not there is sufficient evidence to support the verdict and judgment, and second, whether the instruction of the court relative to the measure of damages is sufficient under the circumstances. .

Where there is no conflict in the evidence and a verdict inconsistent therewith could not be permitted to stand, the court should, upon motion, direct a verdict. But, if there is any conflict in the evidence upon

any material issue, the case must be submitted to the jury. Being submitted, and a verdict rendered, the court is without authority to disturb the same, merely because it may not conform with its views of the ultimate facts of the case; the jury being the sole judges of the facts.

While it is true that the witness Walker testified that "all the remaining assets" of the Byrnes-Ray Cadillac Company were turned over to him January 20, 1919, upon an oral agreement that the bank should dispose of them and apply the proceeds to the payment of the indebtedness of the Byrnes-Ray Company to the bank, which was in some slight degree corroborated by the witness Reynolds, and no witness testified to the contrary, yet there were facts and circumstances developed during the progress of the trial which did conflict with such testimony, especially as to whether there was, in fact, any oral agreement between the Byrnes-Ray Company and the bank authorizing the bank to sell the assets of the former, including the car in question, and apply the proceeds thereof to the payment of its indebtedness to the bank.

The fact that the car in question was held from January, 1919, to September, 1920, without being sold, and so far as the evidence discloses no efforts were made to sell it, or any of the assets claimed to have been turned over to the bank pursuant to said oral agreement (and there is no evidence that any were sold except by Byrnes himself and by MacKay), is a circumstance strongly persuasive that there was no such oral agreement between the Byrnes-Ray Company and the bank as is claimed by appellant. The letter of April 26, 1919, written by Byrnes to the Tucson Transfer Company to the effect that "Mr. MacKay is now in charge of all affairs of the Byrnes-Ray Cadillac Company," and instructing it to turn over to MacKay all of the "automobile parts, accessories,

automobiles, and trailers" it then had to MacKay (which must have been included in the alleged oral transfer to the bank of January, 1919, of "all the remaining assets" of the Byrnes-Ray Company, if made), is in direct conflict with such oral agreement.

It will be presumed that men deal fairly and honestly with each other until the contrary is proven, and the alleged equitable assignment of all of the assets of the Byrnes-Ray Company to the bank in January, 1919, cannot be reconciled with the subsequent act of Byrnes in placing such assets in the hands of Mac-Kay for disposition, and is inconsistent with fair and honest dealing either with MacKay or with the bank.

The bill of sale executed by Byrnes-Ray Company in September, 1920, purports to convey title to these assets to the bank, creating a relation of the bank toward such assets entirely different from that created under the alleged oral agreement, and the bill of sale, therefore, is not corroborative of such oral agreement.

These circumstances, conflicting with the testimony of the witnesses Walker and Reynolds, made it necessary that such issue be submitted to the jury, and, indeed, no request was made by appellant for a directed verdict in its favor, counsel thereby conceding that there was sufficient evidence to go to the jury.

There being a conflict in the evidence on a material issue and the jury having determined that issue in favor of appellant, it will not be disturbed by the court on appeal.

With reference to the second point, the jury was instructed, in so far as the same is here material, as follows:

"Understand the first question is, Did the bank have title, they relying on an oral agreement and actual delivery of possession? If you find they did, you will go no further, because no subsequent act of

an agent could change the agreement already made with the bank, if there was such an agreement, and change the possession. On the other hand, if you do not find there was such oral agreement with the bank with subsequent change of the possession, then you have a right to go to the question of whether Mr. Cunningham bought the car from a duly authorized agent. If you find that he did, you should find a verdict for him.

"Should your verdict be for the plaintiff, it would be simply, 'We find for the plaintiff,' which carries with it the possession of the car, it being with the bank at the present time. If, however, your verdict should be for the defendant, you have other issues to determine. The first issue you should determine, in addition to finding for the defendant, if you find for him on the original issue, is: What is the value of the car at the present time, the date of the trial. Then, if you also believe from the evidence that the defendant has been damaged by the seizing of this car under the writ of replevin, through the loss of the use of his car, you may then find to what extent he has been damaged by the loss of the use of the car, not exceeding, of course, the amount which he claims in his complaint.

"As I have indicated, in this case you could not find any damage to the defendant through mere depreciation through the car standing idle, because the car would depreciate standing in his garage as much as in any other garage, and his damages are limited to the loss of the use of the car during the time it was held under the writ of replevin. It is, of course, for you to determine whether the defendant is entitled to the possession of the car, what is the value of the car, if you find that he is entitled to the possession thereof, and if he was damaged by the loss of the use of the car, the amount of such damages."

This instruction is perhaps not a full statement of the law relating to the measure of damages, in that it does not detail to the jury every element which they might properly consider in arriving at a reasonable compensation to appellee for the loss of the use of his

car, but it is a correct statement of the law as far as it goes, and, in the absence of a request by appellant for a more complete statement of the law, it cannot be heard to complain. *Southwest Cotton Company* v. *Clements,* 25 Ariz. 124, 213 Pac. 1005, at page 1010.

In the case of *Cook* v. *Packard Motor Car Co. of New York,* 88 Conn. 590, 593, L. R. A. 1915C, 319, 92 Atl. 413, at page 415, the court, in discussing the question of damages in a case similar to the one at bar, used the following language, which we hereby adopt, in so far as the same is applicable to this case:

"On this appeal, the question arises on an exception to the exclusion of evidence of the rental value of the plaintiff's car, on the ground that the plaintiff used and intended to use his car for pleasure only, and not for rent or profit. Stated more generally, the question is whether the right to recover substantial damages for being deprived of the use and possession of a chattel as the result of a tortious injury to the chattel itself depends on the character of the use which the owner intended to make of it, during the period of detention. We fail to see why the character of the intended use should determine the right to a recovery, although it will, of course, affect the amount of recoverable damages.

"It is clear, for example, that the plaintiff cannot recover the rental value of his car during the period of detention, for such rental value includes a substantial allowance for depreciation and repairs, to which the plaintiff's car has not, in the meantime, been subjected. It also includes a substantial allowance for the overhead expenses and the profits of carrying on the business of renting motorcars; and the plaintiff was not engaged in that business. Neither is the plaintiff entitled to the rental value of his car less deductions for these items, for, even if he had been engaged in the business of renting motorcars, it would not follow, without evidence to that effect, that the car would probably have been rented every day, or for any given number of days.

"On the other hand, it is equally clear that such considerations as these affect only the amount of compensatory damages which ought to be awarded in this case, and do not touch the underlying question whether the plaintiff is entitled to compensatory damages so far as they can be ascertained. We think there can be no doubt on this point. An automobile owner, who expects to use his car for pleasure only, has the same legal right to its continued use and possession as an owner who expects to rent his car for profit; and the legal basis for a substantial recovery, in case of a deprivation of the use of the car, is the same in one case as in the other. Such an invasion of property right calls for an award of substantial, as distinguished from nominal, damages, and the only difficulty in applying the rule of compensatory damages to cases of this character is the very practical difficulty of estimating the actual damages in money. But the law does not deny substantial damages to one who has suffered a substantial injury, solely on the ground that the injury has not produced or will not produce a pecuniary loss. For example, no one would contend that only those plaintiffs whose incomes depended on their earning capacity could recover substantial damages for injuries to person or character. So in this case the fact that the plaintiff has suffered no pecuniary loss ought not to prevent a recovery proportionate to the actual extent of his injury. It may be admitted that this record does not disclose the extent of the plaintiff's injury sufficiently to warrant any recovery at all; but it does appear that the issues framed by the pleadings were found in the plaintiff's favor. And it may fairly be assumed that except for the ruling of the court, which cut off all proof of damages other than pecuniary loss, the jury would have been informed as to what use the plaintiff was accustomed to make of his car, how far and for what purposes he was dependent on it, and of such other facts as would have assisted them in forming a just conception of the actual extent of the injury naturally and necessarily inflicted on this plaintiff in consequence of the deprivation of this car.

"When so informed, the jury would have had no greater difficulty in estimating compensatory damages under the first count of the complaint in this case than in estimating compensatory damages for pain and suffering, or for an injury to character when no special damages are pleaded.

"Manifestly, no general rule for this class of cases can be laid down, except that the jury should award fair and reasonable compensation according to the circumstances of each case. If the actual injury is trifling, the damage will be small, but in any event they are in the nature of substantial, and not nominal, damages.

"We conclude that evidence of the rental value of the plaintiff's car was admissible under the first count, not as furnishing a measure of damages, but as one of the facts proper to be considered in ascertaining the extent of the injury."

The issues having been determined by the jury in favor of the appellee, he is unquestionably entitled to be reasonably compensated for such loss as he may have sustained by reason of being deprived of the use of his car. The jury has fixed that compensation at $900. Considering the value of the car at the date of trial, as found by the jury, this damage seems to be somewhat excessive, but there was some evidence to the effect that when said car was taken by appellant it was worth from $1,000 to $1,200. Upon such valuation, the damage assessed by the jury would not be excessive, considering that the car was withheld from the appellee for approximately 2½ years.

Appellee's Exhibit 2 in evidence was properly admitted by the trial court, and stands upon identically the same footing as the bill of sale and the evidence concerning the oral agreement between the Byrnes-Ray Company and the bank. There is no positive evidence that Byrnes turned over any assets to the bank, the witness Walker stating that he could not say who it was that turned over such assets to him, but,

assuming that it was Byrnes, and further assuming that he had authority to do so, it will be presumed that such authority continued until the contrary is shown.

The instruction requested by appellant was properly refused by the court; the jury being fully instructed relative thereto in other portions of the court's charge to the jury.

While we may not have reached the same conclusion as did the jury relative to the amount of damages awarded for the loss of the use of the car, there is nothing in the record that would warrant the disturbance of their verdict.

There being no substantial error in the record, the judgment of the lower court is affirmed.

McALISTER, C. J., and ROSS, J., concur.

LOCKWOOD, J., being disqualified, the Hon. M. T. PHELPS, Judge of the Superior Court of Maricopa County, was called to sit in his stead.