[Civil No. 3518.  Filed January 21, 1935.]

[39 Pac. (2d) 942.]

JOSEPH L. PETERSEN, as an Individual and as Administrator of the Estate of Lars Petersen, Deceased, With Will Annexed, Appellant, v. J. R. McEVOY, as Executor of the Last Will of Anna Petersen, Deceased, Appellee.

Mr. Don T. Udall and Mr. W. Dean Nutting, for Appellant.

Mr. W. E. Ferguson, for Appellee.

LOCKWOOD, C. J.—This is an appeal from a judgment of the superior court of Navajo county rendered in an action in replevin, brought by Anna Petersen, hereinafter called plaintiff, to recover possession of a certain promissory note from Joseph L. Petersen, as an individual and also as administrator with the will annexed of Lars Petersen, deceased, hereinafter called defendant, and also from an order denying a motion to vacate the judgment.  Plaintiff has died since this appeal was taken, and J. R. McEvoy has been substituted for her as her executor.

No reporter's transcript of evidence was brought up, but, so far as we can determine from the record, the following are the facts upon which the appeal is based: Plaintiff's complaint alleges, in substance, that she is the owner of a certain promissory note for $2,000, executed by Elijah Thomas, Sr., in favor of Lars Petersen, defendant's decedent, which was in the possession of defendant. The answer claims that the estate of Lars Petersen was the owner of the note, and issue was joined on these pleadings. The matter was tried to the court, and findings were made that plaintiff was at, and at all times since, the commencement of the action, the owner of the note, and judgment was rendered accordingly. Within six months thereafter a motion to vacate the judgment was made, based on the following ground:

"That the said judgment was obtained against this defendant through fraud and by means of perjured testimony given at the trial of said cause by plaintiff in this action, which testimony came as a surprise to the defendant herein and that said perjured testimony was to the effect that the note sued for in said action was endorsed by Lars Petersen, deceased, during his lifetime and delivered to the plaintiff, whereas, in truth and in fact the plaintiff well knew that she endorsed the name of Lars Petersen on the said note after his death and that her testimony in regard thereto was false, fraudulent and perjured.

"That if the plaintiff had not given the aforesaid false, fraudulent and perjured testimony that this court would not have entered a judgment against this defendant."

This motion was supported by the affidavits of two persons to the effect that they had examined the note after the death of Lars Petersen, and it then had no indorsement or writing of any kind on the back thereof, and that thereafter they saw plaintiff indorse the name of Lars Petersen on the back of the note.

The affidavits also set up that the affiants knew that the true owner of the note was defendant, though they do not set forth any facts, except as above stated, to support the allegation in regard to ownership.

The minutes show that the court considered the motion and heard evidence thereon, both oral and written, and denied it, and thereafter defendant perfected this appeal.

First, as to the judgment: The assignment of error in regard to it is that it was based on perjured testimony. The pleadings on their face consisted, in effect, merely of a bald claim of the ownership of the note by each party. There is nothing in the record to show on what evidence the court determined this issue, or the theory on which the respective claims of ownership were made, and we must, under such circumstances, presume the evidence was sufficient to support the judgment. *Cheda* v. *Skinner,* 6 Ariz. 196, 57 Pac. 64; *Gibson* v. *Duncan,* 17 Ariz. 329, 152 Pac. 856; *Frame* v. *Mahoney,* 21 Ariz. 282, 187 Pac. 584. There is no merit in the first assignment of error.

The other assignment is that it was an abuse of discretion for the court to refuse to set aside the judgment when affidavits were offered in support of the motion which showed that the judgment was obtained on perjured testimony. Assuming that it was both the right and the duty of the court to set aside a judgment based on perjured testimony, we fail to find a scintilla of evidence in the record that it was so obtained. There is nothing in the pleadings to show on what theory the plaintiff claimed ownership of the note or what evidence she offered in support of her theory. Defendant apparently contends in his brief that her theory, supported by her testimony on the trial of the case, was that the note was a gift from

Lars Petersen during his lifetime, and that he had indorsed it to her before he died. But nothing in the pleadings, the findings, the judgment or the affidavits in support of the motion to vacate shows this. Nothing but the bare unverified motion even suggests this state of facts. Nor do we know what was before the trial court contradicting the motion and affidavits, except that there was the testimony of one witness, a letter, and an affidavit of plaintiff denying the affidavits supporting the motion. Under this state of the record, we must presume the trial judge had before him enough to satisfy him that, notwithstanding the affidavits and motion, his original judgment was correct.

We cannot therefore say affirmatively that he abused his discretion in refusing to vacate the judgment.

The judgment and order appealed from are affirmed.

McALISTER and ROSS, JJ., concur.