[Civil No. 3610.   Filed October 28, 1935.]

[50 Pac. (2d) 949.]

ABRAHAM ACKERMAN, Appellant, v. SOUTHERN ARIZONA BANK AND TRUST COMPANY, a Corporation, Appellee.

Mr. Abraham Ackerman, Appellant, *in pro. per.*

Mr. James R. Dunseath, for Appellee.

McALISTER, J.—The Arizona Bank and Trust Company brought an action against Abraham Ackerman in which it sought an order restraining him from instituting a complaint or other action against it, its officers, agents or employees, and from a judgment granting the relief prayed for the defendant has brought the matter here for review.

It appears from the complaint that on June 22, 1920, and prior, as well as subsequent thereto, the defendant was a customer of plaintiff, an institution engaged in the business of banking in the city of Tucson, Arizona; that he deposited with it certain moneys obtained from rents and other sources and that these moneys were paid out on checks drawn by the defendant and others in privity with him; that a final accounting of these moneys, showing that they had all been accounted for and that nothing was due him, was rendered him, but, notwithstanding this, he instituted an action in the superior court of Pima county, Arizona, on February 2, 1931, alleging that plaintiff was indebted to him in the sum of $8,976.44; that the complaint failed to state intelligently a cause of action and for that reason the trial court dismissed it, its action in so doing being upheld on appeal. *Ackerman* v. *Southern Arizona Bank & Trust Co.*, 39 Ariz. 484, 7 Pac. (2d) 944.

The complaint discloses further that on June 15, 1932, the defendant filed another action in which, after reciting, substantially, the same facts, he alleged that plaintiff had appropriated the moneys described therein and used them without the authority or consent of the defendant, and that the statement made to him accounting for them was false. This matter was tried in April, 1933, before a jury which rendered a verdict in favor of the bank, its finding being that it had made a complete accounting to Ackerman, and

this verdict, as well as the judgment entered thereon, was affirmed by this court. *Ackerman* v. *Southern Arizona Bank & Trust Co.,* 43 Ariz. 94, 29 Pac. (2d) 150.

The averments show further that in December, 1933, following the refusal of the county attorney of Pima county to prosecute and the justice of the peace of the Tucson precinct to issue a warrant for the arrest of Mrs. Eleanor Hill, an employee of the Southern Arizona Bank & Trust Company, for the crime of perjury alleged by Ackerman to have been committed when she was testifying in the case just mentioned, Ackerman applied to the superior court of that county for a writ of *mandamus* requiring the county attorney and the justice of the peace to proceed in the matter. The court refused to grant the writ and its action was affirmed by this court in *Ackerman* v. *Houston,* 45 Ariz. 293, 43 Pac. (2d) 194.

The complaint alleges further that in addition to the foregoing actions the defendant, Ackerman, has filed in the superior court of Pima county the following complaints, alleging the same matters set up in the cases cited above and seeking the same relief, an accounting; one in July, 1933, against Fred J. Stewart, an officer of the Southern Arizona Bank & Trust Company, and the other in May, 1934, against Mrs. Eleanor Hill, an employee. These actions are still pending and Ackerman is continuing to annoy and embarrass the defendants in them and this plaintiff by filing motions and other pleadings therein.

It is further averred that all these actions have been brought maliciously and without probable cause for the purpose of harassing, annoying and vexing the plaintiff, its officers and employees; that the plaintiff has suffered irreparable damage to its credit and has been compelled to expend its funds in defend-

ing such actions; that this plaintiff has exhausted its legal remedies, the defendant, Ackerman, being unable to respond in any action at law for the wrongs he causes it to suffer; that by reason of these allegations the Southern Arizona Bank & Trust Company, its employees and agents, are entitled to be relieved from further accounting to the said Abraham Ackerman for moneys received prior to the 11th day of April, 1933, and from answering any suit or petition brought by the said Abraham Ackerman requesting that such accounting be made; that the defendant threatens, however, to bring additional suits against this plaintiff for an accounting of the same moneys and the only way to prevent him from taking such action and by so doing cause the plaintiff annoyance and expense is to restrain and enjoin him permanently from prosecuting further the two suits above mentioned and from bringing others involving the same matters as those and the ones heretofore brought by him against the plaintiff, its officers or employees.

The temporary restraining order was issued and in answering the complaint the defendant admitted the pendency of the two actions above mentioned and set up substantially what he had alleged in the various actions filed by him against the bank, its officers or employees, and against his brother-in-law, A. Kaufman.

In hearing the case the court was aided by a jury, and after receiving the testimony of a number of witnesses, produced by both sides, the following interrogatory was submitted to that body to be answered, "yes" or "no":

"Did the Defendant, Abraham Ackerman, state to Mr. James R. Dunseath immediately after the taking of the deposition of Abraham Ackerman, in Court Room No. 2, at the Pima County Court House, Tucson,

Arizona, on June 12, 1934, in the case of Abraham Ackerman, Plaintiff, versus Fred J. Stewart, Defendant, No. 15189, that he, Ackerman, intended to continue to bring suits against the Southern Arizona Bank & Trust Company and the employees thereof, until he, Ackerman, had gotten his money?"

The jury answered "yes," whereupon the court granted plaintiff's motion for judgment on the verdict and in it permanently enjoined and restrained the defendant, Abraham Ackerman, from bringing any complaint, bill or any other action against the Southern Arizona Bank & Trust Company, its officers, agents or employees that would require it or them to furnish the defendant an accounting of those transactions had between him and the bank prior to April 11, 1933, the same having been theretofore adjudicated by the superior court of Pima county, and its judgment affirmed by the Supreme Court of the state. It is this judgment that the defendant has brought here for review.

██ The only assignment is that the court erred in denying his motion for a new trial and the only reason given therefor is that at the time he had two cases pending in the superior court, both seeking an accounting, one against Fred J. Stewart and one against Mrs. Eleanor Hill, and he was endeavoring to compel these two defendants to produce or furnish him a bill of particulars. This, it is apparent, is no assignment at all, yet we have no way of determining whether the judgment or the order denying his motion for a new trial was erroneous. The case was tried with the aid of a jury on a complaint and answer and the testimony of a number of witnesses was introduced, but the appeal is here without either an agreed statement of facts or a transcript of the testimony. This being true, there is nothing this court can do, except to indulge the presumption that the

judgment of the trial court was in accordance with the law and the evidence and, therefore, correct.

"Every intendment is in favor of the judgment of the lower court," to use the language of *Miller* v. *Maddux*, 37 Ariz. 485, 295 Pac. 326, "and, when the record is silent on any point, we must presume such action was taken as will sustain the judgment."

For the foregoing reasons the judgment of the superior court, enjoining and restraining the appellant, Abraham Ackerman, from prosecuting or bringing further actions against the appellee, or its officers or agents, seeking an accounting of the moneys deposited by the appellant with the appellee prior to April 11, 1933, is affirmed.

LOCKWOOD, C. J., and ROSS, J., concur.