[Civil No. 4140.   Filed December 18, 1939.]

[97 Pac. (2d) 209.]

L. J. PALMER and WILBUR C. GORDON, Appellants, v. PAT KELLY, Appellee.

Mr. A. L. Hammond of Prescott, Arizona, and Mr. W. E. Watkins of Los Angeles, California, Attorneys for Appellants.

Messrs. Patterson & Eastvold and Mr. Yale McFate, Attorneys for Appellee.

LOCKWOOD, J.—L. J. Palmer, hereinafter called plaintiff, brought an action in replevin against Pat Kelly, hereinafter called defendant, to recover possession of certain mining machinery. Wilbur C. Gordon intervened, claiming the property. The case came for trial before a jury, all parties being represented, and the jury returned a verdict in favor of defendant, fixing the value of the property at the sum of one thousand dollars and damages for wrongful seizure at five hundred dollars. The matter was brought before us on appeal, and in the case of *Palmer* v. *Kelly,* 52 Ariz. 98, 79 Pac. (2d) 344, we affirmed the judgment as to the value of the property, but reversed it as to the damages allowed and sent it back for a new trial on the issue of damages alone. When the case came up for retrial, plaintiff objected to any testimony being introduced on the issue of damages, assigning the following reasons:

"We object to the introduction of any evidence in this cause for the reason that the complaint fails to state any cause of action; that we are not informed by the complaint of any particulars or facts that would warrant a recovery by the defendant. That the complaint does not inform us as to the nature of the defendant's claim, and we are, therefore, unable to make any defense to whatever claims defendant may urge at this time."

The objection was overruled, and defendant proceeded to introduce evidence upon the issue of damages. Thereafter counsel for plaintiff moved for a directed verdict in favor of plaintiff on the cross-complaint of defendant, which motion was denied, and plaintiff took no further part in the proceedings. A verdict for damages in the amount of five hundred dollars was returned, and judgment being rendered thereon, the case was brought before us on appeal.

The allegation of the cross-complaint in regard to damages reads as follows:

"That by virtue of the wrongful seizure of said personal property, this defendant and cross complainant has been damaged in the sum of five hundred dollars ($500)."

█ Is this a sufficient allegation of damages to authorize the introduction of evidence by the claimant and to sustain a verdict for damages in the amount shown by the evidence? Damages are either general or special. General damages may be defined as follows:

"Those which necessarily and by implication of law result from the act or default complained of. They are such as the jury may give when the judge cannot point out any measure by which they are to be ascertained, except the opinion and judgment of a reasonable man. They are such as by competent evidence are directly traceable to a failure to discharge a con-

tract, obligation or duty imposed by law." 1 Bouv. Law Dict., Rawle's Third Revision, page 750.

■ We think the allegation is sufficient to support proof of general, but not of special, damages. 17 C. J., Damages, par. 305, and cases cited.

■■ The question then is, are there any damages implied by law by reason of the wrongful seizure of goods in an action in replevin? In the case of *Hammond* v. *Thompson,* 54 Mont. 609, 173 Pac. 229, the court said:

" . . . In the absence of any allegation of special damages, the measure of damages for the wrongful detention of property which has a usable value, as distinguished from its value for sale or consumption, is the reasonable value of its use from the date of seizure to the time of the trial. [Citing cases]."

See, also, *Consolidated Nat. Bank* v. *Cunningham,* 28 Ariz. 518, 238 Pac. 332.

The property involved in the present action was mining machinery in place on certain mining claims, and property of that nature may reasonably have a certain use value. The transcript of the evidence taken at the trial was not included in the record brought up on the appeal, so we must presume the evidence showed that such use value to the defendant was the sum of five hundred dollars as found by the jury. *Ackerman* v. *Southern Arizona B. & T. Co.,* 46 Ariz. 343, 50 Pac. (2d) 949; *Gibson* v. *Duncan,* 17 Ariz. 329, 152 Pac. 856; *MacNeil* v. *Vance,* 48 Ariz. 187, 60 Pac. (2d) 1078. Of course no special damages could have been recovered, but there is nothing to show that the verdict was founded upon any evidence of special damages.

Since the allegations of the cross-complaint were sufficient to permit the introduction of evidence showing damages for the loss of use, and since in the absence of the transcript of the evidence we must pre-

sume such evidence was offered sufficient to show the amount of damages returned by the jury, the judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.