## PEOPLE v. KELLEHER.

### No. 20,328; December 1, 1887.

16 Pac. 705.

**Criminal Law—New Trial—Newly Discovered Evidence.**—Defendant, being convicted of an offense, filed, in a motion for a new trial, the affidavits of himself and two others to the effect that he was in a certain saloon when the alleged offense was committed, that another person had admitted that he did the act, and that defendant did not know of such evidence until after the trial. Held, that a new trial was improperly refused.

APPEAL from Superior Court, Contra Costa County; Joseph P. Jones, Judge.

This was an information against Cornelius Kelleher for an assault with intent to commit rape on the person of Kate Halpin. Defendant was convicted, and moved for a new trial, on the ground of after-discovered evidence; and in support thereof filed the affidavits of himself and two others alleging that defendant was in the saloon of John Lyons, waiting upon customers, when the alleged offense was committed; that one Lucey had admitted that he had taken hold of the woman at the time alleged in the information, and that she screamed, whereupon he ran away; and that defendant

was not aware of the existence of such evidence until after the trial. The motion was overruled, and defendant appeals.

E. R. Chase and T. R. Whitcomb for appellant; George A. Johnson, attorney general, for the people.

Per CURIAM.—As stated by the attorney general upon the argument, the evidence upon which a conviction was had in this case is very weak, although there is sufficient to prevent this court from setting aside the verdict. In view of the testimony in the case, however, we think that the affidavits filed in support of the motion for a new trial on the ground of newly discovered evidence were sufficient to entitle the defendant to a new trial. Judgment reversed and cause remanded for a new trial.