## EVANS v. SHAND.

No. 4802. Decided August 15, 1929. (280 P. 239.)

*Fisher Harris*, of Salt Lake City, for appellant.

*Evans & Sullivan*, of Salt Lake City, for respondent.

STRAUP, J.

In the complaint it, in substance, is alleged that the plaintiff's testatrix, at the time of the alleged transaction, was "mentally incompetent and incapacitated to attend to any of her ordinary business affairs or to handle or dispose of her property," and that the defendant, Louise Shand, "by the use of improper means and undue persuasion, and by reason of mental incompetency of said deceased, induced the said deceased to transfer her bank account in Walker Brothers Bankers' bank to the said defendant in conjunction with the said deceased and in such a manner as to enable

the said defendant by her sole check to draw upon the funds" so deposited in the bank amounting to $1,700; that the defendant shortly after the death of the deceased wrongfully withdrew such moneys from the bank and withheld them from the plaintiff, the executor of the estate of the deceased. The prayer is that the defendant account to and pay over such moneys to the executor. The answer in effect is a general denial.

The case was tried to the court. Findings were made in favor of the plaintiff that the deceased, from July, 1926, until her death in March, 1927, "was mentally incompetent to transact business and by reason of such mental incompetency" was unable to safeguard her property; that before and prior to July, 1926, the defendant, a granddaughter of the deceased, "sought by improper means and undue influence to wrongfully persuade and induce her grandmother" to transfer her bank account in her individual name to the joint name of the deceased and of the defendant, "so that said defendant could after the death of her grandmother draw any moneys remaining in said bank, and by improper and wrongful means and by undue influence," in September, 1926, induced the deceased to transfer her individual savings account, and thereafter, in December, 1926, her checking account in the bank both amounting to $1,700, the sole property of the deceased, "to the said joint account" of the deceased and of the defendant; and that after the death of the deceased the defendant, "in furtherance of her fraudulent and unlawful scheme to obtain the funds of her said grandmother and thereby defeat and defraud" the heirs of the deceased and the legatees of her will, withdrew the funds and wrongfully withheld them from the executor. As conclusions of law the court stated that the plaintiff was entitled to judgment requiring the defendant to account and pay over to the executor the sum of $1,700. Judgment was entered accordingly.

The defendant appeals. By her assignments her chief contention is that the findings that the deceased was men-

tally incompetent, or that the defendant by any persuasion or influence, or by any means, induced, persuaded, or caused the deceased to transfer her individual bank accounts to the joint account of both the deceased and of the defendant, are unsupported by the evidence. She, by her abstract and brief, points to all of the evidence which, as she claims, has any bearing on the questions. No part of the evidence so pointed out or referred to is disputed by the respondent. The evidence as so pointed out is insufficient to support the findings. The respondent does not point out or refer to any evidence to support the principal or main finding of undue influence. Nor does the record support such a finding. Some evidence is pointed to by the respondent which he claims supports the finding that the deceased was mentally incompetent to transact business. But it is not alleged, nor is it found, that the transfers were void or were not the acts of the deceased, except as induced by undue influence, or because of mental infirmity or incapacity the deceased did not comprehend or understand the nature of the act or its scope or effect or its consequences. Neither is there sufficient evidence to show that. The gravamen of the complaint and of the findings is, not that the deceased because of mental infirmity or incapacity did not understand or comprehend the nature or scope or effect of the acts transferring her individual account to the joint account, but that by reason of mental infirmity and incapacity she was susceptible to undue influences, and by improper means, persuasion, and undue influence employed and exerted by the defendant, was induced to make the transfers. Such is the undoubted theory upon which the complaint is founded, the case tried, and upon which the findings and judgment rest. There is no sufficient evidence to support such a theory. None is pointed to by the respondent to support it.

The respondent here chiefly seeks to maintain the judgment on another and different theory, by disregarding the allegations and findings of mental infirmity, incapacity, and of undue influence, and by asserting that on the record

the moneys deposited in the joint account were wholly the moneys of the deceased; that no part thereof was contributed to by the defendant; that the deceased had such control and dominion over the whole of the joint account as to draw on or check out the whole thereof had she so desired; that by the terms of the joint account giving the defendant also the right on her sole individual check to draw on the whole account in the life of the deceased or after her death did not constitute a gift to take effect upon the death of the deceased, nor was such a grant of a testamentary character because not made in manner prescribed by the statute of wills; and thus the respondent asserts that the moneys at all times were the sole moneys of the deceased and at her death vested in her heirs and legatees.

The appellant in her reply disputes this and asserts that the respondent is bound by the theory of his allegations and of the findings and may not now on appeal from the judgment founded thereon depart therefrom. We think the contention is well founded. The rule is well settled that on an appeal the parties are restricted to the theory on which the case was prosecuted or defended in the court below. 3 C. J. 718; 2 R. C. L. 79; *In re Beason's Estate*, 49 Utah 24, 161 P. 678. That is especially true as to the theory accorded a pleading in the court below which on appeal must be adhered to and cannot be shifted. Certainly, on an appeal, the pleadings cannot be enlarged by a suggestion or assertion in support of the judgment on a theory upon which the complaint was not founded nor the case tried. Whatever liberality may be accorded procedure, there nevertheless are certain fundamental principles which cannot be disregarded. These, among others, are that pleadings are the judicial means to invest the court with subject-matter jurisdiction and to limit issues and to narrow proofs; that courts cannot make a complaint for one thing stand for a different thing; that recovery must be secundum allegata et probata, which is but a necessary deduction from the maxim that what is not juridically presented cannot be

judicially decided; that the statement of the cause of action or ground of defense as laid binds the court as well as the parties; and that there must be no departure is but another statement of the maxim that it is vain to prove what is not alleged. These principles are primary.

Further, no findings are made on the theory now urged by the respondent. A valid judgment must not only rest on pleadings, but also on findings. We find no sufficient evidence to support the findings as made. This is a law case. In such case we on the record are not permitted to make or direct findings. To permit this judgment to stand when there is no sufficient evidence to support the findings upon which it rests is but to say a judgment may rest on no findings. That cannot be.

Let the judgment thus be reversed, and the case remanded for a new trial. Such is the order. Costs to the appellant.

CHERRY, C. J., and ELIAS HANSEN, EMPHRAIM HANSON, and FOLLAND, JJ., concur.