[Criminal No. 793.   Filed March 12, 1934.]

[30 Pac. (2d) 499.]

JIMMIE HUNTER, Appellant, v. STATE, Respondent.

Messrs. White & Wilson and Mr. Richard Minne, for Appellant.

Mr. Arthur T. La Prade, Attorney General, and Mr. John Francis Connor, Assistant Attorney General, for the State.

LOCKWOOD, J. — Jimmie Hunter, hereinafter called defendant, was convicted of the crime of assault with intent to commit robbery. After the usual motion for new trial was overruled, the court rendered judgment that he was guilty, but suspended the pronouncing of sentence for a period of seven years, and released the defendant from custody. Notwithstanding the fact that he was not incarcerated, the defendant has appealed to this court for a review of his case.

There are nine assignments of error which raise, in effect, three legal questions which we shall consider. The first is that the court erred in denying

defendant's motion to dismiss the prosecution, because the case was not brought to trial within sixty days after the information was filed. The record shows that the information was filed October 29, 1932, and the case was set to be tried on the fourteenth day of December. On the morning of that day the state filed a motion for continuance, based on the absence of one Roy Johnson, who was alleged to be a material witness in the case. This motion was supported by an affidavit of the county attorney, which set forth the materiality of the testimony of the absent witness, and that he was absent from the jurisdiction of the court, but would return on the 20th of December. Defendant promptly objected to the continuance, but the court, after questioning the deputy sheriffs who had endeavored to find the missing witness, granted the motion, and then asked counsel for defendant if the 29th of December would be a satisfactory date for a trial, to which counsel for the defendant answered, in substance, that he objected to any continuance at all, but that, if the case was to be continued, the 29th was as satisfactory as any other date. On that day when the case was called, defendant moved that the prosecution be dismissed on the ground that sixty-one days had elapsed since the filing of the information. The court denied the motion, and the case went to trial. Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the discretion has been abused. *Shaffer* v. *Territory,* 14 Ariz. 329, 127 Pac. 746; 6 R. C. L., p. 545, and cases cited. Courts are much more reluctant to hold that the granting of a continuance was error than that the refusal to do so was, for a refusal to grant a continuance may frequently work a serious injustice to one party or the other, while the granting of it will do so only in rare cases.

This is a case where the continuance was granted because it appeared that a material witness had left the jurisdiction of the court, but would return shortly. Under such circumstances we are of the opinion that it was not an abuse of discretion or reversible error for the court to grant the continuance. But it is suggested that the case should have been reset so that the trial would have come within the sixty days, as provided by section 5204, Revised Code 1928. The record, however, shows that, when counsel for defendant was asked whether the 29th of December, being the sixty-first day after the filing of the information, would be a satisfactory date, he replied that, if a continuance was to be granted at all, that day would suit him as well as any other. We think this was a waiver of the statute. We find no error in the action of the court in granting the continuance or refusing to grant the motion to dismiss.

The next question is the sufficiency of the evidence to sustain the verdict. Five witnesses testified positively to acts committed by four men, which would undoubtedly constitute the crime charged in the information. One of these witnesses could not identify the defendant as being among the men engaged in the crime. The other four identified him as being present and participating, but their evidence conflicted as to how he was dressed and as to the different things he did while the crime was being committed. The identification of the defendant as one of the four perpetrators of the crime was of such a nature that a jury might well have believed the witnesses were entirely mistaken in their identification, and that defendant was not present at the scene of the crime, or else that he was present, but that the witnesses were confused as to his actions and dress on that occasion. Defendant denied any connection with the crime, and attempted to prove an alibi. Under such circumstances there was sufficient evidence to go

to the jury, and their conclusion as to its weight and effect is binding on us.

The third question is as to whether the trial court abused its discretion in refusing to grant a motion for new trial. This motion was based on newly discovered evidence, and in support thereof the affidavit of one Turner O'Bryant was presented. It was to the effect that affiant was himself one of the four men who committed the crime with which Hunter was charged, and that he knew of his own knowledge that Hunter was not one of those men; that he had not communicated these facts to the defendant or his attorneys before the trial, because he did not wish to implicate himself at that time, and did not believe that Hunter would be convicted, since he was innocent, but that, after learning of Hunter's conviction, he pleaded guilty, and that, if a new trial was granted, he would testify to the facts stated in his affidavit. This evidence, if believed by the jury, would, of course, absolutely clear Hunter of the crime charged.

The state admits that new trials should be granted when new evidence is discovered to the effect that another person is guilty of the crime of which the defendant has been convicted, but urges that the question of the sufficiency of the new evidence is purely discretionary with the trial court, citing *Talley* v. *State,* 18 Ariz. 309, 159 Pac. 59, 64; *Scheuer* v. *State,* 31 Mont. 461, 78 Pac. 971, 80 Pac. 248; 20 R. C. L. 289. In the Talley case we said:

" . . . To entitle the defendant to a new trial upon the ground of newly discovered evidence, it must appear from the affidavits presented that the new evidence is not cumulative merely, that it is such as to render a different verdict reasonably probable upon a retrial, and that the evidence could not with reasonable diligence have been discovered and produced at the trial."

It is obvious that two of these requisites are satisfied by the affidavit. The evidence is not cumulative, nor could the defendant, with reasonable diligence, have discovered and produced it on his trial. The sole question is whether it was such as to render a different verdict reasonably probable upon a retrial.

The trial judge must have reached the conclusion that it was not probable that the evidence would change the verdict if the case were submitted to another jury, and ordinarily we should not question his decision. In view, however, of the discrepancies in the identification of the defendant by the witnesses for the state, and the strength of the alibi offered by the defendant, we are inclined to think that, while it is not certain, it is probable that a different jury, with the additional evidence, would reach a different verdict. We have examined all of the evidence carefully, and are inclined to think that the thing which turned the balance in the minds of the jurors was the evidence that defendant had been associated, at and before the commission of the crime charged, with questionable characters, one at least of whom was presumably among the guilty parties, and was himself probably engaged in the illicit manufacture of intoxicating liquors. The fact that the trial judge did not sentence the defendant to imprisonment, but suspended the pronouncing of sentence and allowed him to go at large, would indicate that he also had some doubt as to the actual commission of the crime in question by the defendant, but believed that he had been associating with bad companions, and perhaps had knowledge of the crime, either before or after its commission. It may be that the conduct of defendant was reprehensible, and not such as a good citizen should indulge in, or that he was guilty of some crime, but he is entitled to be convicted or acquitted of the particular offense wherewith he is charged. We think the correct rule is stated in

*People* v. *Kelleher*, 2 Cal. Unrep. Cas. 821, 16 Pac. 705, wherein the court said:

" . . . The evidence upon which a conviction was had in this case is very weak, although there is sufficient to prevent this court from setting aside the verdict. In view of the testimony of the case, however, we think that the affidavits filed in support of the motion for a new trial on the ground of newly-discovered evidence were sufficient to entitle the defendant to a new trial."

In the case of *Grijalva* v. *State,* 32 Ariz. 470, 260 Pac. 188, 191, the Attorney General stated, upon the argument of the case before us, that he had been reliably informed that, if there were a new trial, a co-defendant of Grijalva would testify that the latter was not one of the men present when the crime, of which he was convicted, was committed. This fact, however, did not appear in the record before us, and we held that we could not consider it in determining the appeal, but added that it, "if true, is very important, and, in view of the entire record, which is not entirely free from doubt, is a matter that may be considered by the body in whose hands appellant's future rests. . . . " This is, in effect, a statement that, had the fact that a co-defendant claimed that Grijalva was not present at the commission of the crime appeared properly in the record on a motion for new trial, we would have held that the new trial should have been granted. In the case at bar, the newly discovered evidence is properly shown in the record.

There are certain statements appearing in appellant's brief, which are conceded by the Attorney General to be true, which are not properly a matter of record on this appeal, but which, if they were, would show almost conclusively that a miscarriage of justice has occurred in the present case. We cannot, of course, consider these in determining this appeal, but

are of the opinion that, for the reasons above set forth, the trial court should have granted a new trial on the ground of newly discovered evidence. The judgment of the superior court of Maricopa county is reversed and the case remanded for a new trial.

ROSS, C. J., and McALISTER, J., concur.