**Application of Benjamin HITCHCOCK For Writ of Habeas Corpus.**

Civ. No. 3728–Phx.

United States District Court
D. Arizona.
Nov. 9, 1961.

Robert G. Beshears, Phoenix, Ariz., for applicant.

Robert W. Pickrell, Atty. Gen. of Arizona, by Stirley Newell, Asst. Atty. Gen., for respondent.

DAVIS, District Judge.

Applicant seeks a writ of habeas corpus from the Arizona State Prison, alleging that his trial was not conducted within sixty days after the filing of the informa-

tion against him, as provided in Rule 236, Arizona Rules of Criminal Procedure, 17 A.R.S.[1]

· The response of the Attorney General incorporates a complete minute entry of the proceedings in Applicant's trial, and records of the Supreme Court of Arizona respecting the prior writ of habeas corpus which Applicant filed in that Court in March, 1958.

The information under which Applicant was convicted was filed in the Superior Court of the County of Maricopa, State of Arizona, on November 18, 1957. Applicant's arraignment was held on Thursday, November 21, 1957, at which time attorneys were appointed by the Court to represent him, and the case set for trial January 7, 1958. Thereafter, attorneys for Applicant filed a written notice for continuance requesting the Court to vacate the trial setting of January 7, 1958, to permit additional time for the location of witnesses needed in the defense of applicant. Said motion was served upon the County Attorney on December 19, 1957, and was heard by the Court on Tuesday, December 24, 1957, at which time the trial date of January 7, 1958, was vacated and reset for January 29, 1958. Thereafter, Applicant, on January 22, 1958, filed a motion for dismissal dated January 16, 1958, in the office of the Clerk of the Court of Maricopa County, Arizona, alleging interference by the State with the filing at an earlier date of objections by Applicant to a trial beyond the sixty-day period.

The case came on for trial on January 29, 1958, the Applicant being present in Court and represented by the same counsel appointed by the Court on November 21, 1957, and announced ready. No objection was made at that time to the

1. "When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the

motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. When cause is shown, the action may be continued, in which event the defendant if bailable shall be released on bail either on his own recognizance or on the undertaking of sureties."

commencement of the trial beyond the sixty-day period. Applicant was convicted of murder in the first degree and sentenced to life imprisonment in the State Prison at Florence, Arizona.

Hearing on the application and the response to the Order to Show Cause was held October 31, 1961, applicant being represented by Robert Beshears, Attorney at Law, and the Respondent by the Attorney General of Arizona, by Stirley Newell, Assistant Attorney General.

At the opening of the hearing, Mr. Beshears moved the Court to continue the hearing to a later date to permit applicant to be present in Court to testify with respect to the objections prepared by the Applicant on January 6, 1958, with respect to the resetting of the trial date and the circumstances by which the authorities at the State Prison prevented his mailing such objections. The Court denied the motion on the ground that the points of law raised by the Attorney General presented questions to be determined with respect to law matters, and that if such points were not determinative of the application, the motion could be renewed at a later date.

It was stipulated in open court by the attorney for Applicant and the Attorney General that the question to be determined by the Court was as specified in the memorandum addressed to the Court by the Applicant under date of October 18, 1961, and mailed to the Court on October 25, 1961, with copies to the Attorney General of Arizona and to Mr. Beshears. Said question as presented by the Applicant is as follows:

"Was the defendant denied equal protection of the law by being brought to trial after the expiration of the statutory provisions of Rule 236, Rules of Criminal Procedure, A.R.S., which was invoked at arraignment; interrupted by an unauthorized waiver by his court-appointed attorney without defendant's knowledge, consent or desire; and which waiver was repudiated during the existence of the statutory provisions of Rule 236, and prior to its expiration?"

The first question presented is whether the resetting of the trial date upon the motion of Applicant's attorney constitutes a waiver of his right to go to trial within the sixty-day period.

■■  While Applicant has the right under the Constitution of the State of Arizona (Art. 2, § 24) A.R.S. to appear and defend in person, once he elects to be represented by counsel, the conduct of all phases of the trial is under the exclusive dominion and control of said attorney until such time as he is fully and formally discharged. The action of applicant's attorney in seeking a delay in the trial for the purpose of seeking additional witnesses on behalf of the Applicant is absolutely binding upon the Applicant and is a complete waiver of the Applicant's right to trial within the sixty-day period. Any attempt at repudiation of such action after the original trial date of January 7th had been vacated was completely ineffectual. Duke v. United States, 255 F.2d 721 (9th Cir. 1958); People v. Mattson (1959), 51 Cal.2d 777, 336 P.2d 937; People v. Jackson (1960), 186 Cal.App.2d 307, 8 Cal.Rptr. 849.

■  Consequently, in this matter if the documents which Applicant alleges through counsel were improperly withheld from the Court when he attempted to mail them on January 6th had been received by the Court at that time, they would still not have had any legal effect in reinstating the sixty-day period which had already been waived. Furthermore, if such instruments had been received within or beyond the sixty-day period, the failure of Applicant to renew his objection at the commencement of the trial constituted a further and separate waiver of the right to be tried within sixty days of the date of the filing of the information. See State v. Polan (1954), 78 Ariz. 253, 278 P.2d 432; Hunter v. State (1934), 43 Ariz. 269, 30 P.2d 499; Hernandez v. State (1932), 40 Ariz. 200, 11 P.2d 356.

No legal basis appearing for the issuance of a writ of habeas corpus, It Is Ordered that the application filed herein be and the same is hereby denied.