Margo BARTHOLOMEW and Utah State Department of Social Services, Plaintiffs and Appellants,

v.

Dick Dale BARTHOLOMEW, Defendant and Respondent.

No. 14203.

Supreme Court of Utah.

March 22, 1976.

Vernon B. Romney, Atty. Gen., W. Michael Howery, Stephen G. Schwendiman, Asst. Attys. Gen., Salt Lake City, for plaintiffs and appellants.

Dick Dale Bartholomew, pro se.

CROCKETT, Justice.

In this divorce action the State was substituted as a party plaintiff as authorized by Section 78-45-9, U.C.A.1953, and was granted judgment for $3,000 against the defendant for reimbursement of money it had expended to support his four minor children. However, the court refused to issue a bench warrant for his arrest for failure to appear at a deposition and a later hearing on an order to show cause. The State appeals.

The Bartholomews were married in October 1957. Four children were born to them. A decree of divorce was granted on March 8, 1968. It awarded plaintiff custody of the children and $50 per month support money for each child. During the next five and one-half years the defendant failed to make 32 of the monthly payments. In November, 1973, in connection with a show cause proceeding he consented to the entry of judgment for $6,400 delinquent payments and an order that he pay $75 a

month thereon, beginning in January, 1974, and continuing until it was paid.

Meanwhile, due to the necessitous circumstance of herself and the children, the plaintiff had applied for and had been receiving public assistance which then totaled $3,000. It was to recoup this expenditure that the State intervened as a party in interest. On January 17, 1975, the State gave notice to the defendant of taking his deposition as to why payments had not been made and why judgment should not be entered against him for that amount. In connection therewith a subpoena duces tecum was served upon the defendant requiring him to appear and produce his records. He failed to appear at the deposition. Pursuant to motion, the court issued an order to show cause why he should not be held in contempt for failing to appear at the time set for the deposition; and again reciting, as to why a judgment for $3,000 extended by the State for the support of his children should not be entered against him. It was upon his failure to appear pursuant to this order that the court entered the judgment but refused to grant counsel's motion to issue a bench warrant for the defendant's arrest.

It is important to note that the order defendant is charged with refusing to obey is his failure to "appear and have his deposition taken . . . concerning his liability and property . . . ." We excerpt part of the colloquy between the court and counsel for the State:

The Court: Why do you want a bench warrant?

Mr. Howery: Because of his non-appearance, your Honor.

The Court: Well, Mr. Howery, you allege here that he failed to appear at depositions. Is that what you are basing your contempt on?

Mr. Howery: Yes, your Honor.

1. See Rule 37(b), U.R.C.P.

2. Section 78–32–12, U.C.A.1953; *Brown v. Cook*, 123 Utah 505, 260 P.2d 544 (1953), and authorities therein cited.

\* \* \* \* \* \*

The Court: If you have something to support your position—

Mr. Howery: We will just accept your ruling and have someone else rule on it.

\* \* \* \* \* \*

The Court: Is the affidavit based on your request, for $3,000.00?

Mr. Howery: Yes, your Honor.

\* \* \* \* \* \*

The Court: You can have your judgment as prayed.

Mr. Howery: Thank you, your Honor.

It is not to be questioned that it is within the power of the trial court to issue a bench warrant for failure to appear at a deposition,[1] if he has been ordered by the court to do so; nor that a person may be sentenced to jail if he wilfully refuses to obey an order of court when he has the ability to comply.[2] But the generally accepted rule is that the issuance of an order relating to contempt of court, or the holding of a party in contempt of court, are matters which are not mandatory upon the trial judge, but rest within his sound discretion.[3] In the absence of any action in that regard which is so unreasonable as to be classified as capricious and arbitrary, or a clear abuse of his discretion, this court on review would not disagree with his determination and compel such an action.

It is to be borne in mind that the purpose of this proceeding by the State was to obtain a judgment for the money it had expended on defendant's behalf; and that the State accomplished its purpose. Under the circumstance shown, we are not persuaded that the trial court abused his discretion. We observe, however, that we do not desire to be understood as indicating that there cannot be further proceed-

3. *Otis v. Superior Court of Los Angeles*, 148 Cal. 129, 82 P. 853 (1905); *Stovall v. Crosby*, 171 Colo. 70, 464 P.2d 868 (1970).

ings against this defendant to ascertain whether he can contribute to the support of his children and whether he is in fact in contempt of court for wilfully failing to comply with the decree which orders him to do so.

In regard to the concurrence in the result:

The issue of the State's right to intervene in this action was not raised by either party in the district court, or in this court. We therefore should have no concern with that issue.[4] But inasmuch as it is injected, these comments are added.

The language of Section 78–45–9, U.C. A.1953, is thus:

> *Enforcement of right to support*—The obligee [plaintiff] may enforce his right of support against the obligor and *the state department of social services may proceed on behalf of the obligee* or in its own behalf pursuant to chapter 45b of this title to enforce that right of support against the obligor. . . .

This is supplemented by the language of Section 78–45b–3:

> *Department of social services—Powers and duties.*—(1) In the event that assistance is furnished by the department, *the department shall become trustee of any cause of action of the obligee* or any minor child in that obligee's custody, *to recover support due to that obligee* from any person and may bring and maintain the action *either in its own name or in the name of the obligeee.* . . .

██ The policy in the law is, and should be, to simplify and expedite procedure and to avoid a multiplicity of lawsuits.[5] The right of children to support and the parental duty to provide it, supplemented by the State when necessary, gives rise to a mutual interest in that problem, quite apart from any inter-spousal rights in the divorce action. For the foregoing reasons, it was appropriate and justifiable for the State to join as an intervenor in this action.

Affirmed. No costs awarded.

HENRIOD, C. J., and ELLETT, J., concur.

TUCKETT, Justice (concurring in the result):

I concur in the result. In this matter the Utah State Department of Social Services intervened in a divorce proceeding between Margo Bartholomew and Dick Dale Bartholomew. I find no basis in law for such intervention.[1] It goes without saying that the State could not have intervened in the divorce proceedings filed by the plaintiff. Those proceedings were initiated pursuant to Section 30–3–1, U.C.A.1953, and there is no provision for intervention by any third person, and I find no sound legal basis for permitting the State to intervene after judgment. The Uniform Civil Liability For Support Act which includes Section 78–45–9 referred to in the majority opinion creates a new and different obligation for the support of dependents and a new cause of action is created to enforce that duty. Under the provisions of the act the State may initiate proceedings to enforce the right of support, but nowhere in the act is the State granted authority to intervene in divorce proceedings between spouses. The remedies provided for in the Uniform Support Act are different from those permitted in divorce proceedings. While the court under the provisions of the Uniform Support Act has continuing jurisdiction to modify any judgment entered, there is no provision to enforce the judgment by proceedings in contempt of court.

---

4. See *Evans v. Shand*, 74 Utah 451, 280 P. 239; *Hamilton v. Salt Lake County Sewerage Imp. Dist.*, 15 Utah 2d 216, 390 P.2d 235; *State v. Tritt*, 23 Utah 2d 365, 463 P.2d 806.

5. See Rule 1, U.R.C.P.

1. Rule 24, U.R.C.P.

In my opinion the State is in the position of an interloper in these proceedings.

MAUGHAN, J., concurs in the views expressed in the opinion of Mr. Justice Tuckett.