**644**

STATE of Utah and Judy E. Bodily,
Plaintiffs and Appellants,

v.

Joseph Evan BODILY, Defendant
and Respondent.

No. 14386.

Supreme Court of Utah.

July 15, 1976.

Vernon B. Romney, Atty. Gen., Stephen
G. Schwendiman, Asst. Atty. Gen., Salt
Lake City, Robert L. Newey, Weber County
Atty., Ernest W. Jones, Asst. Weber
County Atty., Ogden, for plaintiffs and appellants.

Michael Shepard and Linda A. Shepard,
Salt Lake County Bar Legal Services, Salt
Lake City, for defendant and respondent.

ELLETT, Justice:

The defendant was and is obligated by a
divorce decree to pay support money to his
ex-wife for the support of his minor children.
He failed and refused to make any
payments, and, as a result, the mother of
the children applied for and received public
assistance pursuant to Section 55-15a-17,
U.C.A.1953, Replacement Vol. 6A.

By furnishing the support to the children,
the State of Utah, through the Department
of Social Services, became trustee
of any cause of action belonging to the
obligee (wife) or to the minor children.

■ A related matter was before this
Court in the case of *Bartholomew and
Utah State Department of Social Services
v. Bartholomew,* 548 P.2d 238, decided
March 22, 1976. There it was held that
the department was a proper party to be
joined in an action to recover money due
the ex-wife. There were dissents from the
holding that the matter of recovery by the
state could be determined in an Order to
Show Cause in the original divorce suit.

Here that problem is solved by the
bringing of a separate action for money
due. Section 78-45-9, U.C.A.1953, 1975
Pocket Supp., provides:

The obligee may enforce his right of
support against the obligor and the state

department of social services may proceed on behalf of the obligee, or in its own behalf pursuant to chapter 45b of this title to enforce that right of support against the obligor.

The State of Utah and Mrs. Bodily, the ex-wife, brought this action and the defendant answered that the matter was discharged in his bankruptcy proceeding. The case was submitted to the Court on stipulated facts, and the only questions raised are:

(1) Does a discharge in bankruptcy discharge a debt for support money ordered by a decree of divorce?

(2) If it is not discharged by bankruptcy, is an assignment of the debt subject to discharge in a bankruptcy proceeding?

■ The law is stated in 9 Am.Jur.2d 417 (Bankruptcy) as follows:

Liabilities for alimony due or to become due, or for the maintenance or support of wife or child, are now excepted from the operation of a discharge in bankruptcy.

The bankruptcy act, itself, excepts from the discharge of provable debts liabilities for maintenance or support of wife or child.[1]

Section 55–15–32, U.C.A.1953, Replacement Vol. 6A, provides:

*Public assistance provided under this act shall not be* assignable, at law or in equity, and none of the money paid or payable under this act shall be *subject to* execution, levy, attachment, garnishment, or other legal process, or to *the operation of any bankruptcy or insolvency law.* [Emphasis added.]

Thus, by statute the debt due to the state is not subject to be discharged in bankruptcy. Besides that, the debt due to the state is not discharged for the reason that the stipulated facts show that the state was not notified of the bankruptcy proceeding.

■ The trial court held that the debt was discharged by the proceeding in bankruptcy. That ruling is contrary to law and it is therefore reversed. The matter is remanded to the trial court to render judgment in favor of the plaintiffs for the amount of unpaid support money.

The appellant is awarded costs.

HENRIOD, C. J., and CROCKETT, J., concur.

MAUGHAN, Justice (concurring and dissenting):

With the result of the main opinion I concur, because the character of the debt in issue is that of an obligation for maintenance and support. Such character is not lost by an assignment to the State, in exchange for support payments, not forthcoming from defendant. The State is a proper party to sue for recovery. Bankruptcy is no bar, because under 11 U.S.C., Sec. 35(a)(7), such a debt is not dischargeable in bankruptcy.[1]

However, I cannot agree the debt is not dischargeable in bankruptcy, because of the provisions of 55–15–32, U.C.A.1953. The State may not legislatively determine what debts may be discharged under the bankruptcy laws.

A discharge relieves the bankrupt from "legal liability to pay a debt that was provable," [citation], it is a valid defense in an action brought in a state court to recover the debt. A State cannot deal with the debtor-creditor rela-

---

1. Bankruptcy Act § 17(a)(7); 11 U.S.C. § 35(a)(7).

1. *Williams v. Department of Social and Health Services*, C.A. 9th 1976, 529 F.2d 1264.

tionship as such and circumvent the aim of the Bankruptcy Act in lifting the burden from a worthy debtor and affording him a new start. The limitations imposed upon the States by the Act raise constitutional questions under the supremacy clause, Art. 6. . . . [2]

TUCKETT, J., concurs in the views expressed in the opinion of MAUGHAN, J.

2. *Kesler v. Department of Public Safety*, 369 U.S. 153, 169–170, 82 S.Ct. 807, 817, 7 L.Ed.2d 641, 653 (1962).