IN THE MATTER OF SUMMARY CONTEMPT OF:
LEONARD R. TUCHAWENA

Respondent-Appellant

Decided On September 10, 1979

Leonard R. Tuchawena, Tuba City, Arizona, Pro Se

Marc S. Gladner, Window Rock, Arizona, for the Honorable Robert B. Walters

Before McCABE, Acting Chief Justice, BECENTI and WILSON, Associate Justices

McCABE, Acting Chief Justice

I.

On the 17th day of April, 1979, the appellant was scheduled to appear for a hearing at 11:00 A.M. in the Tuba City District Court to represent a client in a criminal matter. That same morning, he also had urgent business in Oraibi, Arizona, a city approximately 52 miles distant from Tuba City. Upon completion of his business, he had started for Tuba City at approximately 8:30 A.M. when he developed car trouble.

At approximately 9:15 A.M., appellant placed a telephone call to Marie Chewing, a Deputy Court Clerk for the Tuba City District Court. He informed her of his automobile trouble and requested that she inform the judge and possibly delay the hearing until 1:00 P.M. that afternoon. After having a mechanic check his vehicle, Mr. Tuchawena telephoned his office and asked Kent Walker, a fellow advocate, to inform the Court of his trouble and to request that the

hearing be continued.

Mr. Walker appeared before the Court at 1:00 P.M. together with Mr. Tuchawena's client and attempted to motion himself in as counsel. Judge Walters denied the motion and asked Mr. Walker to leave the courtroom.

An Order to Show Cause was issued by the District Court on April 24, 1979, to Mr. Tuchawena for his failure to appear, and the appellant was served that same day. After a hearing, held on April 25, 1979, by Order of the Court dated May 7, 1979, Mr. Tuchawena was held in summary contempt and was ordered to pay a fine in the amount of $100.00. Appellant's Motion for Reconsideration of Sentence, filed May 2, 1979, was denied. On the 25th day of May, 1979, Mr. Tuchawena filed his Notice of Appeal and his Motion for a Stay of Execution (Pending Appeal). The Motion was denied. On May 29, 1979, appellant's cause was accepted by the Court of Appeals.

Mr. Gladner entered his appearance on behalf of the Tuba City District Court on the 25th day of June, 1979. On June 28, 1979, Mr. Tuchawena motioned the Court of Appeals for a Stay of Execution pending the appeal, and said motion was granted the same day.

II.

Mr. Tuchawena alleges as the basis of his appeal that Judge Walters abused his discretion by failing to grant Mr. Walker's motion for

continuance based on exigent and unforseeable circumstances and by improperly basing his denial of appellant's Motion for Reconsideration of Sentence on an incident which happened in September of 1978,

The sole issue before this Court is: Did Judge Walters abuse his discretion at any point in the proceedings before his court? To answer this question, this Court will review step by step the procedures to be followed and the issues to be addressed in any proceeding for contempt of court in the Courts of the Navajo Nation.

III.

There are two types of contempt - direct and indirect. Direct contempt is committed in the presence of the judge, while indirect contempt is conduct not in the presence of the judge. An example of direct contempt would be the use of abusive language in the courtroom or an insulting remark made about the judge or the Navajo Nation Court System in the courtroom. An example of indirect contempt would be failure to obey a court order or being disrespectful of or criticising a judge outside of the courtroom.

Rule 24(a) of the Rules of Criminal Procedure provides that "[a]n act in contempt of court may be punished at once without formality if the judge personally saw or heard the act which is the contempt." This is what is known as a summary proceeding because it is done without formality. See Black's Law Dictionary. Rule 24(a) further provides that the Court "make a written order stating the facts

adjudging the person guilty of contempt and stating the punishment, which shall be entered in the record." Thus, under the Navajo Nation's Criminal Court Rules, any direct contempt is summarily punishable and proceedings are initiated by the judge before whom the contempt occurred.

Rule 24(b) pertains to indirect contempt and provides that conduct not in the presence of the judge may not be punished until after notice and hearing. It also provides that "[i]f the contempt charge is for disrespect to or criticism of a judge, that judge shall be disqualified from hearing the contempt charge." Thus, an indirect contempt may not be punished summarily and where there is disrespect to or criticism of a judge, that judge may not preside at the hearing. These principles apply to indirect contempt only.

Applying Rule 24 to the instant case, the first thing that we note is that this cause was incorrectly labelled "summary" contempt. The term "summary contempt" is used synomously with "direct contempt" because direct contempt may be punished summarily. Mr. Tuchawena's contempt, however, was not direct, but indirect. See Annotation, "Attorney's failure to attend court, or tardiness, as contempt", 97 ALR2d 431. It would be illogical to say that a failure to be present in court amounts to a contempt committed in the court's presence.

The mislabelling of this cause, however, is no more than harmless error because despite the label placed upon it the procedures

followed were those specified under Rule 24(b) and applicable to indirect contempt. Mr. Tuchawena was afforded notice and a hearing. It was proper for Judge Walters to preside because the contempt did not consititute disrespect for or criticism of himself. We hold, therefore, that although the cause was incorrectly labelled "summary" no reversible error was committed under the procedures of Rule 24, Rules of Criminal Procedure.

IV.

Much is left to the discretion of a trial judge in punishing contempt. The Judges of the Navajo Nation are directly and intimately concerned with the ability and ethical propriety of the advocates practicing before them. If the court has the power to punish for contempt, it follows that the Court must have the authority to determine what kind of conduct will constitute contempt. See Beach v. Beach, 79 Ohio App. 397, 35 Ohio Ops. 172, 74 NE2d 130. Absent a clear abuse of discretion or conduct on the part of the judge which is so unreasonable as to be classified as capricious and arbitrary, this Court will not disagree with a trial judge's determination. See Avery v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); Hunter v. State, 43 Ariz. 269, 30 P.2d 499 (1934); Bartholomew v. Bartholomew, ___Utah___, 548 P.2d 238 (1976).

Appellant argues that the denial of a motion for continuance made in open court at the time a hearing was to commence by an advocate who was not counsel of record and who had not entered his appear-

ance, but who was making the motion on behalf of the counsel of record who had failed to appear, was an abuse of discretion on the part of the trial judge. Rule 5, Rules of Court, provides that "[a] motion filed less than five days before trial will not be considered or granted unless it is established that unforseeable or exigent circumstances justify a continuance and that the moving party did not delay unreasonably in seeking the continuance." The most salient feature of a motion for continuance is the good faith upon which it is made, and this is left to the determination of the trial court. State v. Woodward, 182 Mo. 391, 81 SW 857; Chicago Land Clearance Commission v. Darrow, 12 Ill.2d 365, 156 NE2d 1, 68 ALR2d 532.

It is not within the province of this Court to try and second guess Judge Walters. His denial of the motion for continuance is prima facie evidence that he considered Mr. Tuchawena's actions not to have been taken in good faith. We find no abuse of his discretion in this instance and therefore hold that the denial of the motion for continuance was proper.

Appellant further argues that the denial of his Motion for Reconsideration of Sentence was improperly based upon an incident which happened in September of 1978. Although we find that the wording of the Order of the court dated May 9, 1979, was unfortunate, we also find that it may be interpreted as simply stating the fact that Mr. Tuchawena had been held in contempt of court on a previous occasion. It is not mandatory to consider this language as the basis for the denial of the motion. We hold that there was no abuse of discretion

in the denial of appellant's Motion for Reconsideration.

The decision of the Tuba City District Court is therefore AFFIRMED.

BECENTI, Associate Justice and WILSON, Associate Justice, concur.