WILLIAM WRAY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

CONTINUANCE—*what is sufficient cause for.* A defendant was indicted for a crime, and employed and paid an attorney, and was tried, and the jury failed to agree, and he was remanded to jail, and there remained for several weeks, when he was again brought into court, and then, for the first time, notified that his attorney had abandoned his case, and it was set for trial on the next day, and he then had subpœnas issued for witnesses, and on the next day, when the case was called for trial, he made a motion for a continuance, supported by an affidavit showing these facts, and showing, also, that he had relied upon his attorney to prepare his case for a second trial, and that he did not know that the attorney had abandoned the case until notified of it, in open court, the day before; that, as soon as notified of it, he had subpœnas issued for witnesses, giving their names and residences, and stating what facts he expected to prove by them, which facts were material and necessary to a proper defense, and that, owing to the shortness of the time intervening between his ascertaining that his attorney had abandoned the case and the time of its being called for trial, the witnesses had not been found: *Held*, that sufficient diligence was shown, and the continuance should have been granted.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. E. W. & W. W. EVANS, for the plaintiff in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The plaintiff in error, having been indicted at the May term, 1875, of the Criminal Court of Cook county, was brought to trial on the 25th of June succeeding, and the jury failed to agree, so that he was remanded to jail, where he has since remained. The charge was burglary, and, previous to this trial, he had employed and paid counsel, who conducted his case on that trial. The criminating circumstance against him, solely relied upon by the prosecution, was the fact of a coat stolen from the house which had been burglariously entered, having been found in his possession, together with a satchel containing burglar's implements, the next morning after the burglary.

On the 15th of July following the former trial, by order of court, the prisoner was brought into court, and there informed by the State's Attorney that prisoner's counsel had abandoned his case. The State's Attorney then had the cause set for trial, in prisoner's presence, for the next day, that being the 16th.

The accused had relied upon his counsel to prepare his case for a second trial, and to make his defense for him, and had, before the time mentioned, received no notice that his counsel had abandoned his case. Learning the fact, he, however, managed to have a subpœna issued for his witnesses, and, on the evening of the 15th, obtained other counsel, but, owing to the shortness of the time, the witnesses, although residing in the city, but being laborers, could not be found in time for the trial set for the 16th. Ascertaining this fact, he caused an affidavit to be prepared, setting forth substan-

tially the circumstances above detailed upon the question of diligence, the names, residence and occupation of the several witnesses, their absence without his fault, the facts he expected to prove by each, and, upon such affidavit, made a motion for a continuance. The motion was overruled, and the matter preserved by bill of exceptions. The trial proceeded. The accused was convicted, and sentenced to five years in the penitentiary. He brings the record to this court on error, and assigns for error the overruling of the motion for continuance.

The statute provides that error may be assigned in criminal cases for overruling a motion on behalf of the accused for a continuance.

The affidavit shows that plaintiff in error was, by the defection of his counsel, of which he was wholly ignorant until informed, on the day before the case was set for trial, by the State's Attorney, placed in a position well calculated to operate as a surprise upon him. The circumstances detailed in the affidavit seem ample to excuse him from exercising any greater degree of diligence than he did in preparing for a trial thus suddenly forced upon him. It fully complies with the requirements of the law in giving the names and residence of his respective witnesses, and what he expected to prove by each, and in showing that the proposed evidence was material and necessary. By one witness he expected to prove that, during all the night on which the burglary was committed, the witness and accused slept together in the same bed. By others, that the coat and satchel above mentioned were handed to the accused in the street, the next morning after the burglary, by a person who was a stranger to accused, for the pretended purpose of desiring the latter to hold them for a few moments, and, while so holding them, accused was arrested. This evidence was material, and, by the showing of the affidavit, was necessary to the defense.

We are of opinion the court below erred in overruling the motion for a continuance, under the circumstances in question, and for that error the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*