## No. 9551.

### THE STATE OF LOUISIANA VS. ROSE SIMPSON.

The Constitution and laws guarantee to a party charged with crime the right to be heard by counsel, and where the party is unable to employ counsel, it is the duty of the court to assign one. This right is not an empty formality, but an inestimable privilege, and the counsel so assigned should be allowed a reasonable time to make preparation for the defense, and where under oath he states that he has been unable to do so, assigning just reasons therefor, and asks a delay for the purpose of preparation, and it is refused him and he has not been wanting in diligence, *held* that such ruling was error.

APPEAL from the Twenty-fourth District Court Parish of Plaquemines. *Livaudais*, J.

*M. J. Cunningham*, Attorney General, and *James Wilkinson*, District Attorney, for the State, Appellee.

*F. C. Zacharie* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant, indicted and tried for murder, and convicted of manslaughter, appeals from a sentence of imprisonment at hard labor for twenty years.

The indictment was returned into court on the fifth of October, 1885, the same day the accused was arraigned and counsel assigned to defend her, and the case fixed for trial on the ninth of same month. On that day the counsel made a motion for a continuance accompanied by his affidavit, stating that he " was only assigned as counsel in this cause late on the evening of the fifth of October, and that said counsel is entitled to an indulgence from this honorable court of a reasonable time, on which to prepare a suitable and valid defense, which counsel believes there is in this case. That said assigned counsel has not had any time to do so, inasmuch as said assignment was made in the midst of a busy term of court, when the said assigned counsel was already preoccupied with a mass of other business which compelled him to de-

vote the whole of Tuesday to its transaction, and that he had been constantly occupied during Wednesday and Thursday, going to and returning to the city of New Orleans, where he was engaged in the transaction of other business during his limited stay there, only arriving at the court-house last evening (Thursday), at a late hour; that the accused is without means or any other assistance in the world outside of the counsel assigned, that she is an ignorant field hand; that Stella Plantation, where the crime is charged to have been committed, is distant twenty-five or more miles from the court-house, with only communication twice a day at irregular hours, and that the assigned counsel has been unable to visit the place or to see any of the witnesses in this cause, or generally to prepare the case involving as it does the life of a human being, embracing points of law and fact, requiring much study and research, which said counsel has been unable to devote to it."

This counsel was F. C. Zacharie, Esq., a resident of New Orleans.

It moreover appears from his brief—and his statement is not denied—that the murder was charged to have been caused by ill treatment and starvation; that the defense was that the death resulted from a disease with which the deceased was alleged to be afflicted; that this defense required an examination of a work or works on medical jurisprudence, and there were none at hand, and also required the testimony of medical experts or physicians, and with the exception of the coroner who was a physician and a witness for the State, there were none in the place where the court was held. It also appears, that when this application was made, the session of the court was drawing to a close, and a postponement of the trial to allow sufficient time for preparation asked by the counsel at the same term of court, was impracticable.

The delay asked was refused and a bill of exceptions taken to the ruling of the court.

Considering that the offense charged was murder; that the indictment had only been filed at the same term of court; that the counsel assigned for the defense was a non-resident of the parish where the court was held, and had no sufficient opportunity to confer with the witnesses, and that the defense to be made required great research of authorities on a question of much difficulty and intricacy, we think the judge *a quo* erred in overruling the motion.

The Constitution and laws of the land guarantee to parties charged with crime, the right to be heard by counsel. This is no meaningless formality, but it is an inestimable right, and the more appreciable when the charge involves the life of a human being. It would be a

barren right if the counsel were not allowed a reasonable time to prepare for the defense, time to investigate the facts, and to examine the law applicable to the case. Even in civil cases, counsel appointed to represent an absentee is allowed time for preparation and to correspond with his client, and it would seem a crying injustice if the same privilege were not extended to one indicted for a crime involving his life.

The counsel under a proper and conscientious sense of his responsibility in this case, only asked for such delay as was necessary for the proper discharge of the grave and responsible duties that the appointment in question devolved upon him.

There is another bill of exceptions in the record taken against the refusal of the judge to grant a continuance on account of the absence of material witnesses, which impresses us as possessing force and merit, but we prefer to rest our decisions on the ground first above presented. A review of the entire record satisfies us that the prosecution was characterized by undue haste, scarcely compatible with the guarantee of a fair and impartial trial.

It is, therefore, ordered, adjudged and decreed, that the verdict and sentence appealed from be reversed and set aside, and that the cause be remanded to be proceeded with according to law.