[Criminal No. 312.   Filed November 16, 1912.]

[127 Pac. 746.]

# CHARLES SHAFFER, Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—TRIAL—POSTPONEMENT.—When a criminal action is called for trial, the court, on sufficient cause shown, by affidavit, may direct that the trial be postponed to another day, as provided by Penal Code of 1901, section 901.

2. CRIMINAL LAW—CONTINUANCE—ABSENCE OF WITNESS.—The granting of a continuance to secure the attendance of absent witnesses for accused is in the sound discretion of the trial court.

3. CRIMINAL LAW—TIME OF TRIAL—DEFENSE—TIME TO PREPARE—POSTPONEMENT.—Accused was charged with murder in the first degree, and on December 15, 1911, employed counsel. On December 16 his plea was entered, and the case was set for trial on the 19th of the same month. On that day he applied for a postponement of the trial because of the absence of certain witnesses by whom he expected to prove insanity, filing affidavits averring that subpoenas had been issued to such witnesses, but had not been returned, and that a sufficient time had not been allowed between the issuance of the subpoenas and the time set for trial in which to permit the sheriff to serve the same and secure the attendance of the witnesses. Accused's counsel also filed an affidavit that the time had not been sufficient to enable him to prepare for trial. *Held,* that, in the absence of any counter-affidavits, an order denying the application for a postponement was an abuse of discretion.

4. CRIMINAL LAW—TRIAL—TIME—ATTENDANCE OF WITNESSES.—The statutory right of accused to the attendance of witnesses is a substantial one; and he is entitled to the lapse of such a reasonable time between arraignment and trial as will enable him to procure their attendance.

5. CRIMINAL LAW—TRIAL—RIGHT TO COUNSEL.—The right of accused to counsel, and to have counsel prepare his case for trial, is a substantial one, which cannot be properly infringed by setting the case for trial so soon after accused's arraignment and employment of counsel that there is not sufficient time in which counsel may prepare for trial.

6. CRIMINAL LAW—NEW TRIAL—GROUNDS—WAIVER OF ERROR.—Error in denying accused a postponement of his trial, and in refusing to afford his counsel sufficient time to prepare for trial, was waived where it was not urged as a ground for new trial.

7. WITNESSES—CONTRADICTION—CONFLICTING STATEMENTS.—Prior statements of a witness in conflict with his sworn testimony given at the trial are admissible to affect his credibility.

8. CRIMINAL LAW—VENUE—QUESTION FOR JURY.—Whether the evidence in a criminal prosecution is sufficient to prove the venue is a question for the jury.

9. CRIMINAL LAW—APPEAL—TRANSCRIPT—CERTIFICATION.—Where a reporter's transcript of the evidence was not certified by the trial judge, nor filed by him, as required by Laws of 1907, chapter 74, section 15, it could not be considered on appeal for the purpose of determining the correctness of instructions objected to.

10. CRIMINAL LAW—APPEAL—INSTRUCTIONS—REVIEW.—In the absence of evidence, it will be presumed on appeal that the law given in the instructions was applicable thereto, and that the law stated in instructions refused was inapplicable or unnecessary.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila. E. W. Lewis, Judge. Affirmed.

### STATEMENT OF FACTS BY THE COURT.

The appellant was indicted by the grand jury of Gila county on the fourteenth day of December, 1911, charged with the murder of Edward Giles, and was tried upon the indictment in the district court of the fifth judicial district of the territory of Arizona, in and for said county. On the 22d of December, 1911, the jury returned a verdict, finding the defendant guilty of murder in the first degree, and fixed his punishment at death. Motions for a new trial and in arrest of judgment were filed and denied by the court, and the court pronounced judgment in accordance with the verdict. From the orders and judgment, the defendant has appealed.

Mr. L. L. Hayden, for Appellant.

Mr. G. P. Bullard, Attorney General, for Respondent.

CUNNINGHAM, J.—The defendant moved for a postponement of the trial upon the grounds that sufficient time had not been allowed his attorney in which to prepare and properly present his defense, alleging under oath "that he has a good defense to the crime charged." In support of the motion, the affidavit of his counsel and his own affidavit are filed. From the affidavit of his counsel, it appears that this counsel was employed in the case on the fifteenth day of December, 1911, and, on the 16th of December, the court set the case for trial on the nineteenth of the same month. The minute entries disclose that other counsel was representing defendant on the fourteenth of December; and that the defendant was arraigned on the fifteenth of December, and on the sixteenth entered his plea. On the nineteenth the motion was filed, and time given the defendant until 1:30 on the same day in which to file additional affidavits. The additional affidavits of the defendant were then filed, in which it is alleged that he caused "subpoenas to be issued for one Barnett, Dan Maloney, and Bob Posey, who resided at or near the town of Hayden, in Gila county; . . . that returns of the service of said subpoenas have not yet been made; that the time between the issuance of the said subpoenas and the time set for the trial of said cause is not sufficient to permit the sheriff of said county to serve said subpoenas and procure the attendance of the said witnesses at said time; that said witnesses, if in attendance on the trial of said cause, will testify that the defendant was, at the time of the commission of the said offense, and for a long time prior thereto had been insane"; and in another affidavit, made by the defendant and filed at the same time, he alleges that he has been afflicted with epilepsy, and that Dr. Figero, who resides in the city of Guaymas, state of Sonora, republic of Mexico, had treated him for that affliction for ten years; "that he is unable to prove the fact of his having had epilepsy by any other person; that if time be granted he can produce attendance of the said doctor . . . at the trial of the said cause."

When a criminal action is called for trial, the court may, upon sufficient cause shown, by affidavit, direct the trial to be postponed to another day. Pen. Code Ariz. 1901, par. 901.

The granting of a continuance for the purpose of securing the attendance of absent witnesses rests in the sound discretion of the trial court. *Halderman* v. *Territory,* 7 Ariz. 120, 60 Pac. 876.

Paragraph 645, Penal Code, as the law in force at the date this alleged offense is charged to have been committed, declares that the defendant in a criminal action is entitled "3. To produce witnesses in his behalf. . . . "

The process by which the attendance of a witness before a court is required is a subpoena (paragraph 1113, Penal Code); and when the subpoena has been served upon such witness he is obliged to attend at the time named in the subpoena. Pen. Code Ariz., par. 1116. Unless he is served, he is not obliged to attend. Pen. Code, par. 1120.

The additional affidavit for a postponement alleges that subpoenas were issued for witnesses Barnett, Maloney and Posey; but it is not stated at what time these subpoenas were issued. On the sixteenth of December, and after the date fixed for the trial, was the earliest possible date on which subpoenas could have been issued so as to inform the witnesses of the time when they were required to attend. The affidavit was filed before 1:30 P. M. on December nineteenth. At the time the affidavit was filed, it is alleged that a return of service of the subpoenas had not been made by the sheriff; and it is further alleged that a sufficient time had not been allowed between the time of issuing the subpoenas and the time set for the trial in which to permit the sheriff to serve said subpoenas and thereby procure the attendance of such witnesses.

The witnesses are alleged to be residents of Gila county. No counter-affidavits appear in the record; and, so far as the record discloses, no denial of these several facts was made by the prosecution. For the purpose of the motion, the facts stated therein must be considered true. These facts raise the question: Was this defendant accorded the right "to produce witnesses in his behalf," guaranteed him by paragraph 645, *supra?* Should his subpoenas have been served and returned, or should they have been returned not served, and any witness served failed to attend, a very different state of affairs would

have arisen. The affidavits allege that the evidence proposed to be offered by such witnesses is material to his defense, and this is not denied by counter-affidavits, and for the purpose of the motion must be presumed to be true.

The defendant was charged with the gravest offense known to our law. His trial was set for the third day after he entered his plea to the indictment. He had witnesses residing in the county of the trial; but he was not given sufficient time in which to produce these witnesses in his behalf at the trial. The law guarantees him that right. He is entitled to have them present; and, in order to benefit by the guaranty of the law, a reasonable time must be allowed him to require their attendance.

His right to have counsel, and to have his counsel prepare his case for trial, is a substantial right, and to deny his counsel sufficient time in which to prepare the case is also the denial of a substantial right; and, under such circumstances, to have counsel appointed to represent him would be a meaningless formality and the granting of a barren right. *State* v. *Simpson,* 38 La. Ann. 23; *State* v. *Horn,* 34 La. Ann. 100.

Unless his subsequent conduct has the effect of waiving this right, the discretion vested in the trial court has been abused.

The minute entries disclose that the cause went to trial on the merits on December 21st, after both the prosecution and the defense announced "ready for trial"; and after a verdict of guilty the defendant made his motion for a new trial, alleging as grounds for his motion as follows: "(1) That the court misdirected the jury as to the law. (2) That the court erred in the decision of questions of law arising during the course of the trial. (3) That the court has committed material error calculating and tending to injure the rights of the defendant. (4) That the verdict of the jury in said cause is contrary to the law and the evidence. (5) That the court erred in refusing the instructions and each thereof, requested by the defendant and in giving to the jury the instructions which were given."

It is clear that the defendant could have alleged as a further ground for a new trial the ruling of the court refusing to grant defendant time in which to procure the attendance of his witnesses, and by making a sufficient showing that subpoenas were issued and in the hands of the sheriff for service,

and sufficient time had not been allowed the sheriff in which to make the service, together with a showing of the facts expected to be established by the absent witnesses, would certainly constitute a "good cause" for a new trial, and such a cause for a new trial as contemplated by subdivision 14 of paragraph 988, Penal Code of Arizona of 1901.

No such grounds were urged by defendant; and, unless such an error is directly called to the attention of the trial court for its correction, the same must be deemed waived by the defendant. This court must presume that the defendant has been deprived of no substantial right from such a state of facts, where he has not urged a correction at the proper time in the orderly progress of his case.

The appellant's second assignment of error is an objection to the introduction of statements made by the witness in conflict with the sworn testimony given at the trial. Such statements have always been permitted to go to the jury as affecting the credibility of the witness and bearing on the weight of the testimony. The objection raised goes to the admissibility of the evidence, and not to its weight. Such conflicting statements are admissible, and the jury must judge the weight to be given to them.

The third assignment of error is based upon a refusal of the court to direct a verdict for defendant, on the grounds that the evidence is insufficient to show that the offense was committed in Gila county. This was a question for the jury to determine. 12 Cyc. 590.

The remaining errors complained of go to the failure or refusal of the court to instruct the jury in accordance with the evidence adduced. These assignments require an examination of all the testimony in the case, and we fail to find the testimony in the record. With the files we find what purports to be the reporter's transcript of the testimony, and the person who claims to have taken it in shorthand certifies that the document contains a transcript of all the oral evidence given in the case. However, the transcript is not certified by the trial judge as correct, nor filed by him, as required by section 15, chapter 74, Session Laws, approved March 21, 1907, and is therefore no part of the record in the cause. *Romero* v. *Territory,* 12 Ariz. 10, 95 Pac. 101; *Molina* v. *Territory,* 12 Ariz. 14, 95 Pac. 102; *Chavez* v. *Territory, ante,* p.

107, 125 Pac. 483, decided June 25, 1912; *Perez* v. *Territory, ante,* p. 163, 125 Pac. 483, decided July 11, 1912.

In the absence of the facts shown in the evidence, it will be presumed that the law as laid down in the instructions was applicable thereto, and that the law as stated in a refused instruction was inapplicable or unnecessary.   3 Cyc. 303–305; *Cheda* v. *Skinner,* 6 Ariz. 196, 57 Pac. 64.

In *Stokes* v. *Territory, ante,* p. 242, 127 Pac. 742, decided October 9, 1912, this court criticised an instruction defining murder of the second degree in the words of our statute.   The same criticism is applicable in this case; but, the facts not being before us, we presume no other or further instruction defining murder in the second degree was necessary.

No reversible error appears in the record.   The judgment, therefore, is affirmed.

FRANKLIN, C. J., and ROSS, J., concur.

NOTE.—As to the *quantum* of proof necessary to establish venue in criminal cases, see note in Ann. Cas. 1912B, 939.

As to the absence of witness as ground for continuing a criminal case, see note in 122 Am. St. Rep. 746.

As to waiver by accused of right to time for preparing for trial, see note in 17 Ann. Cas. 522.

As to appointment by court of incompetent or unfaithful counsel for accused as ground for reversal, see note in Ann. Cas. 1912C, 457.

As to waiver of appeal by proceeding under order, see note in 13 Am. Dec. 547.

As to proof of prior contradictory statements of witness to impeach his testimony, see note in 82 Am. St. Rep. 39.