[Criminal No. 743.   Filed April 6, 1931.]

[297 Pac. 871.]

ALAN A. STIRLING, Appellant, v. STATE, Respondent.

Mr. James Forest, for Appellant.

Mr. K. Berry Peterson, Attorney General, Mr. James R. McDougall, Assistant Attorney General, and Mr. Glenn Copple, County Attorney, for the State.

McALISTER, C. J. — Alan A. Stirling was convicted and given a term in the state prison for bigamy and his motion for a new trial being overruled he brought the case here for review.

The information was filed July 18th, 1930, and twelve days later he was arraigned thereon, counsel of his own selection appearing for him at that time. He entered a plea of not guilty and the case was set for trial for Monday, September 15th, 1930, but three days prior thereto, that is, on Friday, September 12th, his counsel, Mr. Timmons, requested that he be permitted to withdraw from the case. This request was granted and the court appointed Mr. James Forest to represent him.

When the case was called for trial at 9:30 A. M., September 15th, the defendant by his attorney moved for a continuance upon the ground that the latter had not had sufficient time to prepare for trial. It was stated in the motion that a proper defense required that certain records and instruments be secured from

Seattle, Washington, and that this could not have been done in the short period in which counsel had represented him. The motion was not supported by the verified statement of anyone and was denied by the court, the case thereupon proceeding to trial and resulting in a verdict of guilty.

The only assignment is that the court erred in denying appellant's motion for a continuance in order that his counsel might have sufficient time to prepare the case for trial and in overruling his motion for a new trial made upon the same ground. His position is that his counsel withdrew without notice to him or fault on his part and that the attorney appointed to represent him was entitled to more than the time intervening between Friday and the following Monday morning in which to prepare for trial in a serious felony charge which it took two days to try.

Motions for a continuance are addressed to the sound discretion of the trial court and it is only where the facts show an abuse of this discretion that appellate courts are justified in interfering. *Quayle* v. *State,* 19 Ariz. 91, 165 Pac. 331; *People* v. *Collins,* 195 Cal. 325, 233 Pac. 97. The question presented, therefore, is whether the court in denying the motion under the circumstances abused its discretion.

From Friday until Monday was not, it is true, a very long time in which to prepare for the trial of one accused of a felony carrying such a heavy penalty as does bigamy, but up to that time appellant had been represented by counsel of his own selection and it nowhere appears in the record whose fault it was that he asked to be permitted to withdraw from the case. If it were appellant's he would have no ground for complaint, for clearly he could not discharge his counsel, or act in such a way as to cause him to withdraw so close to the day of trial, and then be permitted to say that the court abused its discretion in

forcing him to a hearing represented by counsel who had not had sufficient time to prepare. But he doubtless would have had just cause for complaint if his counsel had suddenly and without notice or fault on his part withdrawn and he had been required to go to trial within three days thereafter with counsel unfamiliar with the facts of his case provided the nature of his defense was such that the time was not sufficient for the latter to prepare for trial. "His right to have counsel, and to have his counsel prepare his case for trial," to use the language of *Shaffer* v. *Territory*, 14 Ariz. 329, 127 Pac. 746, "is a substantial right, and to deny his counsel sufficient time in which to prepare the case is also the denial of a substantial right; and, under such circumstances, to have counsel appointed to represent him would be a meaningless formality and the granting of a barren right." *State* v. *Simpson*, 38 La. Ann. 23; *State* v. *Horn*, 34 La. Ann. 100; *Wray* v. *People*, 78 Ill. 212; *State* v. *Mizis*, 48 Or. 165, 85 Pac. 611, 86 Pac. 361; *Reliford* v. *State*, 140 Ga. 777, 79 S. E. 1128; 16 C. J. 483, § 875. This rule would be just as applicable to a substituted attorney as to one having charge of the case from the beginning, though the fact that a defendant had theretofore been represented by counsel would doubtless be given some weight by the court in determining how much time new counsel would require to prepare. It would be natural to suppose that some preparation had been made by the first counsel, that the second would have the benefit of this, and, therefore, that he did not require so much time as he would had he been counsel from the beginning.

However, it is very plain from the showing made that the court did not know whether appellant's defense was of such a character that his substituted counsel required more time than he had to prepare for trial. The only information it had on the subject

was that contained in the motion for a continuance and the reason assigned there was that in preparing the defense it was necessary to procure certain records and instruments from Seattle, Washington, and that it had been impossible to do this in the short time he had represented appellant. The motion did not, however, advise the court of the nature of these records or of the facts contained in them and it was, therefore, impossible for it to determine if they were material. Before it could be said that it abused its discretion in overruling the motion it is necessary not only that the court had this information, *Sharp* v. *Territory,* 13 Ariz. 416, 114 Pac. 974, but that it was made to appear in a verified statement.

"In view of the fact that no statement upon which the continuance was asked was verified," says the court in *People* v. *Ward,* 105 Cal. 335, 38 Pac. 945, "it cannot be said that there was any abuse of that broad discretion which is lodged in trial courts, in refusing a continuance before the jury was impaneled."

Finding no error in the ruling denying the motion for a continuance the judgment is affirmed.

ROSS and LOCKWOOD, JJ., concur.