435 P.2d 68

**STATE of Arizona, Appellee,**

v.

**Joe Louis GAINES, Appellant.**

**No. 1 CA–CR 114.**

Court of Appeals of Arizona.

Dec. 19, 1967.

Darrell F. Smith, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

J. C. Raineri, Phoenix, for appellant.

CAMERON, Chief Judge.

This is an appeal from a judgment and sentence finding the defendant Joe Louis Gaines guilty of the crime of burglary (from a vehicle), a felony (§§ 13–301, 13–302 A.R.S.).

The questions presented on this appeal are:

1. Did the trial court err when it failed to grant the appellant's motion for a continuance?
2. Did the court err when it failed to grant the appellant's motion to suppress the State's Exhibit No. 1?

The appellant, Joe Louis Gaines, along with three other persons was accused of burglarizing an automobile on 23 May 1966. The case was set for trial to a jury on 10 October 1966, and the first witness called by the State was one of the defendants, Johnson.

Outside the presence of the jury, the County Attorney made a motion to dismiss the charges against Johnson. The counsel for the appellant made a motion for continuance on the ground that Johnson's name was not endorsed upon the information; that the dismissal of the charges against Johnson and his being called as a witness for the State came as a complete surprise to the defense. The court denied this motion and the trial proceeded.

After hearing the evidence, the jury found the remaining three defendants guilty of the crime charged. The appellant, Joe Louis Gaines, was sentenced to two to four years in the Arizona State Prison, and he brings this appeal. The other two defendants were placed on probation.

## SHOULD THE COURT HAVE GRANTED A CONTINUANCE?

▮▮▮▮ When the State called upon Johnson to testify, counsel for the defense made a motion for a continuance pursuant to Rule 153 of the Rules of Criminal Procedure, 17 A.R.S.:

"When an indictment or information is filed, the names of all the witnesses or deponents on whose evidence the indictment or information was based shall be endorsed thereon before it is presented, and the county attorney shall endorse on the indictment or information, at such time as the court may by rule or otherwise prescribe, the names of other witnesses he proposes to call. A failure to so endorse the names thereon shall not affect the validity or sufficiency of the indictment or information, but the court in which the indictment or information was filed shall, upon application of the defendant, direct the names of such witnesses to be endorsed thereon. No continuance shall be allowed because of the failure to endorse such names thereon unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice."

From this rule and the cases it is apparent that before the defendant may claim error on appeal he must show:

1. That the witness was not endorsed upon the information,
2. surprise,
3. prejudice,
4. and a timely motion for continuance or objection was denied.

In the instant case it is admitted that the witness was not so endorsed and that a motion for continuance was made. We can think of nothing more prejudicial to the defendant than the testimony for the State of a co-defendant. The record also supports surprise on the part of the defendant and his attorney. Under these circumstances it was error to deny defendant's motion for continuance:

"In view of this, it is reasonable to conclude that defense counsel was surprised when the prosecution called Klein as a witness and did not have a reasonable opportunity to prepare for his testimony.

* * * We believe that it was an abuse of legal discretion for the trial court to refuse a continuance." State v. Lovell, 97 Ariz. 269, 274, 399 P.2d 674, 677 (1965).

## MOTION TO SUPPRESS

The second question raised by this appellant on appeal is whether or not the trial court erred when it failed to grant the appellant's motion to suppress State's Exhibit No. 1, a radio, on the grounds that it was illegally obtained.

After the burglary was committed the defendants were riding in defendant Neal's automobile when they were stopped by an officer of the Phoenix Police Department. The officer asked Neal for his driver's license. He then asked Neal if he could look into the trunk and Neal consented. Upon opening the trunk the officer discovered the items taken in the burglary, including State's Exhibit No. 1. The officer then placed the defendants under arrest. It is the appellant's contention that the evidence should not have been admitted because, as appellant contends:

> "[I]t was vital and critical to each and every one of the other defendants that they should have been advised as to their right to counsel before the interrogation which finally led to the discovery of Exhibit I in the trunk of Neal's car, * * *."

■■ We cannot agree with the appellant in this regard. There was no evidence indicating that the search in this case was an unreasonable one since Neal testified that he had consented to the search of his trunk. Defendant Gaines had no proprietary interest in the automobile and was not in a position to deny or grant permission for the officer to search the automobile—the owner Neal could and did grant this permission and defendant may not complain.

■ A final issue raised by the appellant was the mention by the Deputy County Attorney that one of the defendants was on probation in his argument to the jury. The fact that one of the defendants was on pro-

bation was mentioned previously in the trial, and the statement was properly stricken by the court on motion by the appellant and the jury instructed to disregard it. Since this case is being remanded for new trial on other grounds, care can be taken to prevent this remark from being brought out at the retrial.

Judgment reversed and remanded for new trial.

DONOFRIO and STEVENS, JJ., concur.