446 P.2d 229

**STATE of Arizona, Appellee,**

v.

**Fred McWILLIAMS, Appellant.**

**No. 1792.**

Supreme Court of Arizona.

In Division.

Oct. 24, 1968.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., by T. M. Pierce, Asst. Atty. Gen., Phoenix, for appellee.

Head, Cline & Head, by Donald R. Head, Prescott, for appellant.

LOCKWOOD, Justice:

Defendant Fred McWilliams, was convicted of burglary in the first degree in violation of A.R.S. § 13–302, with prior conviction, and sentenced to a term of not less than ten nor more than twenty years. From this conviction and sentence defendant appeals.

On February 12, 1966, defendant and three companions were arrested in connection with an attempted burglary of a Safeway Store in Prescott. On December 5, 1966, defendant and one of these companions were brought to trial. This trial had progressed to the point where the case was to go to the jury, when the court declared a mistrial. Defendant was brought to trial separately on April 11, 1967, convicted and sentenced. The appeal stems from this trial.

The single question raised on appeal is whether the trial court erred in refusing to grant defense counsel's motion for a continuance, made April 6, 1967, on the grounds that counsel was appointed to represent defendant officially on April 3, 1967, that a transcript of the preliminary hearing was not made available to counsel until April 5th, and a transcript of the testimony of witnesses at the previous trial (which was declared a mistrial) was not available to defense counsel, and because of the complexity and many exhibits to be used, which were used in the first trial, it would be impossible to prepare properly and defend defendant's rights at the trial set for April 11th.

Because of the nature of the appeal, the entire transcript of the testimony at the trial was not filed in the appeal. A typewritten volume, entitled "Reporter's Transcript on Appeal—Volume I", embodying only some sixty-one pages, was supplied. It contains the following: (1) transcript of hearing on defense counsel's renewal of the motion to continue, made on April 11th, just prior to trial; (2) motion for a hearing "on illegal search and seizure" held outside the hearing of the jury; and (3) one page of transcript of final questioning of defendant by the county attorney on cross-examination, concerning "the burglar clothes of the defendant".

Minute entries were included in the record on appeal, commencing with April 3rd, the date of arraignment of defendant before the April 11th trial. The statements of facts in the briefs, and the facts alluded to by the trial court in the transcript of the hearing on the motion to continue constitute the only clue to what happened between declaring of the mistrial, and the new arraignment of April 3rd. We accept these as the facts for the purposes of this appeal.

Defendant was represented by counsel at the original trial, but he and his counsel "had a falling out". Defendant indicated to the court that he would employ counsel, but that he would need a fight in order to raise funds for such employment. (He was a prizefighter, holding the middleweight championship in Arizona at the time of trial.) Although the record does not disclose whether the court indicated any date, or tentative date for the second trial before April 3rd, defendant knew the trial was to be held. On more than one occasion the trial judge, upon defendant's failure to answer letters regarding the status of employment of his own counsel, brought him into court on bench warrants, defendant maintaining he was going to employ counsel, but that his fight had fallen through. The judge became concerned over this failure, and finally appointed counsel on April 3rd, setting the trial for April 11th.

In denying defense counsel's motion for continuance, the court stated that any delays were caused by the defendant and were occasioned for him. The court further indicated that defense counsel had had the benefit of the transcript of the Preliminary Hearing containing the testimony of the state's witnesses (which he had received on April 7th, 10th and the morning of the 11th).

Defendant contends that the court's refusal to grant the motion for a continuance was reversible error since forcing his attorney to go to trial with only three days to prepare the case deprived defendant of his constitutional right of adequate representation by counsel. We agree.

The right of a criminal defendant to adequate and effective assistance of counsel is firmly established. Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963). Such a constitutional right necessarily includes the allowance to counsel of reasonable time to prepare his defense. We discussed this issue in Stirling v. State, 38 Ariz. 120, 123, 297 P. 871, 872 (1931):

"His right to have counsel, and to *have his counsel prepare his case for trial * * * is a substantial right, and to deny his counsel sufficient time in which to prepare his case is also the denial of a substantial right;* and, under such circumstances, to have counsel appointed to represent him would be a meaningless formality and the granting of a barren right." (Emphasis supplied.)

See also In re Quan, 39 Ariz. 13, 20, 3 P.2d 522, 525 (1931). While the denial of a continuance was upheld in Stirling, supra, it was because the motion for continuance did not advise the court of material facts indicating that counsel had not had the time or opportunity to prepare for the trial. In this case, counsel did so inform the court, and the court was fully aware of the circumstances.

In this jurisdiction the granting or denial of a continuance in order that counsel may have adequate time to prepare is

**502**

within the discretion of the trial court. State v. LeVar, 98 Ariz. 217, 403 P.2d 532 (1965). The ruling of the trial court will not be disturbed on appeal unless it can be shown that such discretion has been abused so as to result in prejudice to the defendant. State v. Hendricks, 66 Ariz. 235, 186 P.2d 943 (1947).

 We find from the particular facts of this case that the failure of the court to grant a continuance severely prejudiced defendant. Although defense counsel was notified of his appointment one week before the trial commenced, he did not receive the transcript of the former trial or a transcript of the Preliminary Hearing until Friday afternoon, leaving him only a three day weekend to prepare for the trial on Tuesday. The preliminary transcript was especially essential to his preparation. It contained the testimony of the state's expert witnesses concerning a central issue of the case involving circumstantial evidence, i.e. whether certain scientific analyses which matched debris from the burglarized establishment with that taken from the defendant's clothing should be credited. Defense counsel could not hope to controvert the results of these tests in the three days between the receipt of the transcript and the commencement of the trial.

In Lorenz v. People, 159 Colo. 494, 412 P.2d 895 (1966) the Colorado Supreme Court was faced with a fact situation very similar to that of the instant case. In that case the court on June 10, 1963, set the trial for August 5, 1963. Defendant had attempted to obtain counsel, but had been unsuccessful. Finally, on August 3, 1963, the court appointed counsel. The denial of a continuance in this situation was held to be reversible error. See also People v. Kenzik, 9 Ill.2d 204, 137 N.E.2d 270 (1956) where the court held that denial of a continuance where counsel had eleven days to prepare was error.

Under the circumstances of this case, where due to the unavailability of important records, counsel had in effect only three days to prepare for trial, we are of the opinion that defendant could not have received the assistance of effective and well-prepared counsel.

Reversed and remanded for new trial.

UDALL, V. C. J., and BERNSTEIN, J., concur.