491 P.2d 485

The STATE of Arizona, Appellee,

v.

Douglas Michael MILLER, Appellant.

No. 2 CA–CR 247.

Court of Appeals of Arizona, Division 2.

Dec. 9, 1971.

Rehearing Denied Jan. 6, 1972.

Review Denied Feb. 1, 1972.

Gary K. Nelson, Atty. Gen., Phoenix by Jerry C. Schmidt, Asst. Atty. Gen., Tucson, for appellee.

Howard A. Kashman, Pima County Public Defender by Eleanor Daru Schorr, Deputy Public Defender, Tucson, for appellant.

KRUCKER, Chief Judge.

The appellant-defendant, Douglas Michael Miller, was charged along with one James Michael Colaneri with burglary. The burgled premises was an open-air fruit market on North Sixth Avenue and East Speedway in Tucson, which premises, when closed for the night, are protected by a grass screen. The appellant, a stranger in Tucson, was staying with a friend in a University of Arizona dormitory, and, having been downtown, they were attempting to return to the University. At the intersection of Sixth Avenue and Speedway, Colaneri and Miller crossed over to the northwest corner where the fruit market was located. According to testimony of investigating officers, entrance was apparently gained through a hole in the fence. Honey, jelly, cactus candy, tangerines and walnuts were taken. A small crate containing soda, tomatoes, bread and honey taken from the fruit stand was found outside. Miller's fingerprints were found on items in this crate. Officer Benjamin told Miller that:

> "Culnary [sic] had implicated him almost exclusively and that Culnary [sic] had said that Mr. Miller had gone over the fence, taken the fruit and everything and came out and that Culnary [sic] had nothing to do with it."

To this, Miller replied, "Well, that is what he said. I guess that is what happened."

One of the owners, living in the house adjoining the fruit stand, heard noises in the stand and called the police. Colaneri and Miller were arrested at the scene.

Colaneri, although charged with burglary, was allowed to enter a plea to petty theft. Miller, who claimed he had done nothing, elected to stand trial and was convicted of burglary. The trial judge suspended the imposition of sentence and placed appellant on probation for a period of one year.

Mr. Gene Scott, a police department identification officer, was called as a witness concerning identification of fingerprints on articles taken from the fruit stand. Scott's name was not endorsed on the information filed January 9, 1970, as required by Rule 153, Rules of Criminal Procedure, 17 A.R.S. The trial had been previously postponed numerous times, from May 26 to August 11 to August 20 to October 22, 1970. Scott was not subpoenaed until the day of actual trial, and a notice of calling an additional witness was given at that time. An objection was made to his testimony on the grounds of surprise, a continuance was requested, but it was denied.

Basically, two questions are presented for our consideration:

1. Was there an abuse of discretion by the trial court in refusing to grant a continuance after the surprise appearance of a fingerprint expert whose name did not appear on the information, thus resulting in denial of effective counsel because of lack of opportunity to prepare for this witness?

2. Was the evidence adduced at the trial sufficient to support a verdict of guilty of burglary?

## DENIAL OF MOTION FOR CONTINUANCE

Rule 153, Rules of Criminal Procedure, 17 A.R.S., provides:

> "When an indictment or information is filed, the names of all the witnesses or deponents on whose evidence the indictment or information was based shall be endorsed thereon before it is presented, and the county attorney shall endorse on the indictment or information, at such time as the court may by rule or otherwise prescribe, the names of other witnesses he proposes to call. A failure to so endorse the names thereon shall not

affect the validity or sufficiency of the indictment or information, but the court in which the indictment or information was filed shall, upon application of the defendant, direct the names of such witnesses to be endorsed thereon. *No continuance* shall be allowed because of the failure to endorse such names thereon *unless* such *application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice.*" (Emphasis supplied)

The primary purpose of this rule is to "enable an accused to prepare adequately and advisedly for his defense." State v. Lovell, 97 Ariz. 269, 399 P.2d 674 (1965); State v. King, 66 Ariz. 42, 182 P.2d 915 (1947); State v. Von Reeden, 9 Ariz.App. 190, 450 P.2d 702 (1969). To deny counsel the time necessary to properly prepare his defense may be the equivalent of denying defendant his constitutional right to the effective assistance of counsel. State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968). The issue of counsel's having adequate time for preparation was previously discussed by the Arizona Supreme Court in Stirling v. State, 38 Ariz. 120, 123, 297 P. 871, 872 (1931), citing language from Shaffer v. Territory, 14 Ariz. 329, 333, 127 P. 746, 748 (1912):

> "His [defendant's] right to have counsel, and to have his counsel prepare his case for trial, is a substantial right, and to deny his counsel sufficient time in which to prepare the case is also the denial of a substantial right; and, under such circumstances, to have counsel appointed to represent him would be a meaningless formality and the granting of a barren right."

When the name of a witness has been omitted from the information, it is within the legal discretion of the trial judge to grant or deny a motion for continuance but it should not be granted "unless such application was made at the earliest opportunity and then only if a continuance is necessary in the interest of justice." State v. Lovell,

supra; State v. Cassady, 67 Ariz. 48, 190 P.2d 501 (1948).

■ It is error for the trial court to refuse to grant a request for a continuance only when: (1) the State failed to endorse the name of a witness upon the information; (2) the defendant was truly surprised; (3) the defendant was prejudiced and (4) a timely motion for a continuance was denied by the trial court. State v. Gaines, 6 Ariz.App. 561, 435 P.2d 68 (1971); State v. Lovell, supra. Appellant contends that these four requisites existed in the case before us and that the trial court abused its discretion in failing to grant the motion for continuance.

■ An examination of the record leads us to believe that the first two conditions were clearly present. The names of witnesses Scott and Weiss did not appear on the information, and defense counsel was surprised to learn on the opening day of trial that Mr. Scott might be called, and on the second day of trial that Mr. Weiss might be a witness for the prosecution.

The third requisite of prejudice to the defendant we find absent. It would serve no purpose for this court to speculate as to how the actions of the defendant and his counsel might have been altered had they received earlier notice that these witnesses might be called. We find that any prejudice which might have resulted was obviated by defendant's taking the stand in his own behalf to explain the incriminating evidence.

## SUFFICIENCY OF THE EVIDENCE

The role of the appellate court in reviewing the sufficiency of evidence was well delineated by the Arizona Supreme Court in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965):

> "We are only concerned with whether there is substantial evidence in support of the verdict. State v. Rivera, 94 Ariz. 45, 50, 381 P.2d 584. Reversible error occurs when there is a complete absence of probative facts to support the conclu-

sion. State v. Mahan, 92 Ariz. 271, 272, 376 P.2d 132; State v. Milton, 85 Ariz. 69, 331 P.2d 846. When we consider whether the verdict is contrary to the evidence we do not decide whether we would reach the same conclusion as the jury. Rather, we decide whether there is competent evidence to support the conclusion found or alternatively, whether the verdict was found without evidence from passion, prejudice or other improper motive. Quong Yu v. Territory of Arizona, 12 Ariz. 183, 186, 100 P. 462. Evidence is not insubstantial simply because the testimony is conflicting or reasonable persons may draw different conclusions therefrom. Macias v. State, 39 Ariz. 303, 307, 6 P.2d 423. Substantial evidence means more than a scintilla and is such proof as a reasonable mind would employ to support the conclusion reached. Henzel v. Cameron, 228 Or. 452, 365 P.2d 498, 503. It is of a character which would convince an unprejudiced thinking mind of the truth of the fact to which the evidence is directed. Grange v. Finlay, 58 Wash.2d 528, 364 P.2d 234, 235. If reasonable men may fairly differ as to whether certain evidence establishes a fact in issue then such evidence must be considered as substantial. Smith v. Schumacker, 30 Cal. App.2d 251, 85 P.2d 967, 972; Davis v. Hartley, 69 N.M. 91, 364 P.2d 349, 351." 99 Ariz. at 3-4, 405 P.2d at 886.

In order for this court to reverse the defendant's conviction on the grounds of insufficient evidence, there must be a complete absence of probative facts to substantiate the verdict. State v. Beers, 8 Ariz. App. 534, 448 P.2d 104 (1969). On appeal this court must consider the evidence and possible inferences therefrom in a manner most favorable to upholding the verdict. State v. Harris, 9 Ariz.App. 288, 451 P.2d 646 (1969); State v. Allen, 9 Ariz.App. 196, 450 P.2d 708 (1969).

Defendant was convicted of first degree burglary under A.R.S. § 13-302, subsec. A, as amended, which reads in pertinent part:

". . . a person entering an outhouse or other building not enumerated in this section with intent to commit a felony, is guilty of burglary."

Under this statute, both entry and intent are essential elements of the crime and either standing alone is not sufficient for conviction. State v. Rood, 11 Ariz.App. 102, 462 P.2d 399 (1969).

In Arizona, the common-law distinction between accessory before the fact and principal has been abolished (A.R.S. § 13-138), and persons who aid or abet the commission of a crime ". . . are principals in any crime so committed." A.R.S. § 13-139. The Arizona Supreme Court previously held, in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965), that:

"Aiding and abetting means simply to assist in the commission of an act, either by active participation in it or in some manner advising or encouraging it. State v. Roberts, 85 Ariz. 252, 254, 336 P.2d 151. Aiding and abetting contemplates some positive act in aid of the commission of the offense; an active force physical or moral joined with that of the perpetrator in producing it." 99 Ariz. at 3, 405 P.2d at 886.

In reviewing the evidence before us, we must view it in a light most favorable to upholding the verdict. It must be remembered that the jury is able to view the evidence first-hand and to judge the demeanor and credibility of the witnesses. Though we might reach a different conclusion from the same evidence, we may not substitute our opinion for the jury's if there is any evidence to support theirs.

We therefore find that there is reasonable evidence to support the verdict and the judgment is affirmed.

HATHAWAY and HOWARD, JJ., concur.