529 P.2d 220
**STATE of Arizona, Appellee,**
**v.**
**Christopher Joseph MILLER, Appellant.**
**No. 2883.**

Supreme Court of Arizona,
In Division.
Dec. 20, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., Thomas A. Jacobs, Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Richard L. Thompson, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The appellant, Christopher J. Miller, was convicted by a jury of armed robbery in connection with the August 2, 1973, holdup of a Phoenix convenience market. He received a sentence of from five to seven years in the Arizona State Prison.

From photographs taken by a store camera during the early morning robbery the defendant was identified and arrested that afternoon. He was represented by Thurman Gay, a public defender, at the preliminary hearing on August 10, 1973. The information was filed in Superior Court on August 16, 1973, and the arraignment held five days later, at which time the defendant waived his right to a speedy trial and a trial date of October 15, 1973, was set. That date and subsequent settings of November 1, and November 14 were vacated, the trial eventually commencing on November 15, 1973. The record is silent as to the cause of these delays.

On November 8, 1973, the defendant notified the public defender that he was discharged because of an alleged lack of interest in the case. This message was orally confirmed by defendant's retained counsel, Henry Florence, on November 14. Mr. Florence's motion later that day for substitution of counsel and a continuance was withdrawn after the trial judge indicated he was not willing to allow any further delay. The next day, just before trial, Mr. Gay filed motions for a continuance and for withdrawal in order to allow Mr. Florence time in which to assume the duties of defense counsel and prepare for trial. The trial judge denied both motions on the grounds there had already been several delays and that a jury panel and witnesses were assembled for the second time. Because of this denial the public defender's office rather than Mr. Florence represented appellant at trial and on this appeal.

Defendant's sole assignment of error on appeal is that the trial court's action in denying the public defender's motions for a continuance and withdrawal was arbitrary and capricious and constituted an infringement of the accused's right to counsel under the Sixth Amendment to the United States Constitution.

As we stated in Hunter v. State, 43 Ariz. 269, 30 P.2d 499 (1934):

"Continuances are, to a great extent, discretionary with the trial court, and an appellate tribunal will not review its action in this respect unless it clearly appears that the discretion has been abused." 43 Ariz. at 271, 30 P.2d at 499. See State v. Lockett, 107 Ariz. 598, 491 P.2d 452 (1971).

It is firmly established that a criminal defendant is entitled to the effective assistance of counsel. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). This constitutional right necessarily includes the allowance to counsel of reasonable time to prepare his defense. State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968); Stirling v. State, 38 Ariz. 120, 297 P. 871 (1931). It is undisputed that the public defender had sufficient time to prepare for trial and provided competent assistance, Mr. Gay demonstrating complete awareness of the facts of the case and successfully arguing a motion to suppress. This case is distinguishable from State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968), where we found an abuse of discretion by the trial judge in denying appointed counsel's motion for a continuance in view of the fact that counsel had only three days in which to prepare a difficult case.

It remains true, however, that the appellant was not represented by counsel of his own choosing, a right recognized to be within the Sixth Amendment right to counsel. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Bergamo, 154 F.2d 31 (3rd Cir. 1946). But this right is not absolute and may be forfeited by the conduct of the accused:

"The right to choose one's attorney is not unlimited and, if in the sound discretion of the court, the attempted exercise of choice is deemed dilatory or otherwise subversive of orderly criminal process, the judge may compel a defendant to proceed with designated counsel." Lofton v. Procunier, 487 F.2d 434, at 435 (9th Cir. 1973). See Nunn v. Wilson, 371 F.2d 113 (9th Cir. 1967).

After the trial had already been postponed twice, appellant was notified on November 7, 1973, that proceedings would definitely commence the following week. Despite this appellant waited until the day before trial, over three months after his arrest, to retain other counsel and have him move for substitution and a continuance.

Moreover, we feel compelled to note that it appears an attorney with unlimited time for preparation and the highest degree of professional skill could not have effected the overwhelming nature of the evidence in this case. Appellant's criminal exploits were attested to by a store employee and a hidden camera and the money and goods stolen were found with the defendant at his temporary residence when arrested. The appellant admitted commission of the robbery during his request for leniency at the time of sentencing.

Having found no abuse of discretion or deprivation of defendant's right to counsel, the judgment is affirmed.

HAYS, C. J., and STRUCKMEYER, J., concur.